PETERSON, Judge.
Robert and Deborah Coy appeal an “Order on Judicial Review” dated November 18, 1992 which ordered their two boys, ages eight and fifteen, to remain under protective services supervision in the custody of Mrs. Lovejoy, a friend of the Coys in Massachusetts. The court found that the parents lacked suitable housing and that the boys needed to complete therapy and counseling. The order resulted from a periodic review of an adjudication of dependency and a disposition order entered April 25, 1991. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(4).
The record on appeal consists of the pleadings, orders and reports normally found in a dependency case, but there are no transcripts of hearings. In the order of dependency and disposition the court found that the father abused the older son. The order placed the boys in the care, custody and control of the mother, but under Protective Services Supervision of the Department of Health and Rehabilitative Services (HRS). The father was to have no contact without HRS supervision, and was to complete counseling programs. Both parents were to complete parenting classes and maintain a stable home and employment.
In subsequent orders on judicial review the court: (1) changed custody to HRS foster care and ordered a performance agreement (which was subsequently filed); (2) retained custody in HRS foster care and ordered a new performance agreement (which was never filed); (3) changed custody to Mrs. Love-joy with “Foster Care supervision;” (4) retained custody in Mrs. Lovejoy with protective services supervision and extended the performance agreement for six months; (5) retained custody in Mrs. Lovejoy with protective services supervision and terminated the performance agreement; and, (6) ordered placement “as is” with Mrs. Lovejoy with protective services supervision and crossed out the section of the pre-printed form order dealing with performance agreements.
We recognize that the volume of cases before trial judges requires the use of pre-printed forms and that the time available for each case does not allow the use of extensive orders. If form orders are to be used, they should be designed so that they are capable of being interpreted by those who must follow their direction or provide judicial review. Those who complete the forms must make an effort to complete them fully so that meaningful orders result. The forms used in this record did not always accomplish these functions. One problem is determining under which subsection of section 39.41, Florida Statutes, the trial court intended to proceed at each stage of the proceedings.
Section 39.41, Florida Statutes (1991) initially governed the disposition of the children in this case. That section allowed the trial court several options for the placement of the boys. Review of the sparse record raises a suspicion that the trial court used, or attempted to use, one or all of the following subsections of the statute:
39.41 Powers of disposition.—
(l)(a) When any child is adjudicated by a court to be dependent, the court having jurisdiction of the child shall have the power, by order, to:
1. Place the child under the protective supervision of an authorized agent of the department, either in the child’s own home or, the prospective custodian being willing, in the home of a relative of the child or in some other suitable place under such reasonable conditions as the court may direct. Protective supervision shall continue until the court terminates it or until the child *794 reaches the age of 18, whichever date is first.
* * * * * * *
6. Commit the child to the temporary legal custody of the department. Such commitment shall invest in the department all rights and responsibilities of a legal custodian. The department shall not return any child to the physical care and custody of the person from whom the child was removed, except for short visitation periods, without the approval of the court. The term of such commitment shall continue until terminated by the court or until the child reaches the age of 18. After the child is committed to the temporary custody of the department, all further proceedings under this section shall additionally be governed by part V of this chapter.
* * * * * *
(7) With respect to a child who is the subject of a performance agreement under part V of this chapter, the court shall return the child to the custody of the natural parents upon expiration of the agreement if the parents have substantially complied with the agreement.
Dispositions under subsection (l)(a)6 are additionally governed by part V of chapter 39. Part V governs children in foster care and requires that parents enter a performance agreement. Section 39.451, Fla.Stat. (1991). The performance agreement establishes actions to be taken in order to quickly assure the safe return of the child to the parents or, if this is not possible, permanent commitment so that a permanent adoptive home can be found. A child subject to a performance agreement is returned to the parents upon expiration of a performance agreement if the parents have substantially complied with its terms. Section 39.41(7), Fla.Stat. (1991). The Coys allege that they have substantially complied with the terms of a performance agreement and should have the boys returned to them in accordance with subsection (7).
The problem that this court has in reviewing the original disposition order and the subsequent periodic orders on judicial review is in determining under which subsection of section 39.41 the trial court intended to proceed. If subsection (1) was selected, the protective supervision can continue until each boy attains the age of 18. If subsection (6) was intended a performance agreement was required and after substantial compliance with its terms the parents are entitled to have the children returned to them. If the trial court determined that the disposition initially selected should be changed to meet a change in circumstances, the transition was not clear.
An additional requirement was placed upon HRS by the legislature when it amended section 39.41(l)(a)l, effective July 1, 1992. Section 39.41(l)(a)l, Florida Statutes (Supp. 1992) now requires:
Whenever a child is placed under protective supervision pursuant to this section, the department shall prepare a protective supervision case plan and shall file it with the court.
Section 39.41(l)(a)7.b. (Supp.1992) requires the court to determine whether the parent has substantially complied with the terms of the protective supervision case plan to the extent that the well-being and safety of the child is not endangered by the return of the child to the home. If the trial court meant to place the boys under protective supervision, HRS has not complied with the 1992 version of section 39.41(l)(a) because it did not prepare a protective supervision case plan.
The purpose of the Juvenile Justice Act is, inter alia, to ensure secure and safe custody of all children in the state’s care. Section 39.001(2)(b), Fla.Stat. (1991). It appears that, because of the serious nature of the offenses perpetrated by the father against his child in this case, the trial court is reluctant to order the reunification of the children with their parents. Reports of counselors in the record support the judge’s reluctance.
Although reunification of the family is preferred, permanent placement should be achieved as soon as possible when reunification is not possible. Section 39.45(2), Fla. Stat. (1991). It is unsettling to the children and the parents to be without goals the achievement of which will reinstate the fami *795 ly unit. On remand goals should be set forth in a written protective supervision case plan or a performance agreement after the trial court clarifies whether the intent was to place the boys in protective supervision pursuant to section 39.41(l)(a)l, temporary legal custody of HRS pursuant to section 39.-41(l)(a)6, or some other disposition. Once that intent is established the statutory scheme dictates that an appropriate plan or agreement be approved or adopted so that the parties may proceed with the attempt to fulfill the requirements.
We affirm the decision of the trial court to delay reunification of the children with their parents, but remand and instruct the trial court to apprise the parties of the statutory subsection under which it is proceeding and encourage the early filing of the appropriate plan or agreement that will establish the goals expected of the parties.
AFFIRMED; REMANDED WITH INSTRUCTIONS.
GRIFFIN and THOMPSON, JJ., concur.