834 So.2d 350 (2003)
A.B., The Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D02-3740.
District Court of Appeal of Florida, Fourth District.
January 8, 2003.
Kathleen K. Pena, Fort Lauderdale, for appellant.
No brief filed for appellee.
PER CURIAM.
Mother, A.B., challenges the lower court's sua sponte imposition of a "no-contact" order with her dependent child who is in long-term relative custody.
The Department of Children and Families brought a motion to terminate protective supervision at an annual review hearing of a dependent child who had established permanency in long-term, relative placement with the maternal grandmother. The mother had been granted visitation supervised by the grandmother and had exercised such visitation. The court on its own motion entered an order requiring that the mother have no contact with the child until the mother provided the grandmother proof of completion of long-term, residential drug treatment. Neither the Department nor *351 the Guardians Ad Litem assigned to the case had recommended that the mother not have continued supervised visitation.
The mother appeals the portion of the order directing no contact as a non-final order entered after a final order on an authorized motion. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). See Ayo v. Dep't of Children & Family Servs., 788 So.2d 397 (Fla. 1st DCA 2001); Coy v. Dep't of Health & Rehabilitative Servs., 623 So.2d 792 (Fla. 5th DCA 1993). On appeal, the Department continues to support the mother's position that the mother should have supervised visitation with her child.
The trial court abused its discretion in ordering that the mother have no contact with the child, over the objections of all the parties involved, where there was no evidence that the mother's continued supervised visitation would pose any risk of harm to the child or that the grandmother and family were incapable of assuring the safety of the child during such visits. From the record, the trial court's no-contact order was not entered in the interest of the child's welfare but to sanction the mother for not attending the review hearing or complying with the court's directives. The purpose of a dependency proceeding is "the protection of the child and not the punishment of the person creating the condition of dependency." § 39.501(2), Fla. Stat. (2002). The trial court's imposition of a no-contact order fails the "test of reasonableness" associated with the review of discretionary, trial court decisions as set forth by the Supreme Court of Florida. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980).
Accordingly, the portion of the trial court's order directing that the mother have no contact with the child is REVERSED.
GUNTHER, STEVENSON and TAYLOR, JJ., concur.