636 So.2d 726 (1993)
In the Interest of J.Z., a minor child.
T.D.Z., father, and Sharon Clayton, guardian ad litem, Petitioners,
v.
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. 93-00740.
District Court of Appeal of Florida, Second District.
July 23, 1993.
Vivian C. Maye, Tampa, for petitioner T.D.Z.
Grace E. Dunlap, Foley & Lardner, Tampa, for petitioner Sharon Clayton.
Josefina M. Tamayo, Tampa, for Dept. of Health and Rehabilitative Services.
PER CURIAM.
The petitioners, the father and the guardian ad litem, seek a petition for writ of certiorari quashing three postdependency orders of the circuit court: (1) order denying the father's motion for relief from dependency order filed pursuant to Florida Rule of Juvenile Procedure 8.270; (2) order denying the father's motion to return the child, J.Z., *727 to the father's legal custody and (3) order granting the Department of Health and Rehabilitative Services' (HRS) motion to modify placement of the child. Alternatively, the petitioners seek a writ of habeas corpus or review by plenary appeal. We treat the petition as a petition for writ of certiorari, and deny in part and grant in part. See Dep't of Health and Rehabilitative Servs. v. Honeycutt, 609 So.2d 596 (Fla. 1992). Regarding the order denying the father's motion for relief from dependency order, there was no departure from the essential requirements of law; therefore, we deny the petition in so far as it seeks relief from that order. We grant the petition with respect to the remaining two orders because the trial court failed to follow statutory procedures.
In May 1990, J.Z. nearly drowned while in her mother's care. As a result of the near drowning, J.Z. suffered severe brain damage rendering her in a persistent vegetative state. In June 1990, HRS filed a petition to have J.Z. adjudicated dependent as to the mother. The mother stipulated to a factual basis for dependency and the trial court entered an order of dependency as to the mother. Following the determination of dependency as to the mother, J.Z. was placed in foster care under the temporary custody of HRS. Initially, J.Z. was hospitalized and was later transferred to a residential care facility.
The original dependency petition did not include the father. Therefore, in July 1991, HRS filed an addendum to the original dependency petition alleging J.Z. to be dependent as to the father. The addendum did not allege neglect, abuse or abandonment by the father. It merely stated that the father was not responsible for the child's medical condition but was unable to provide for J.Z.'s special care needs.
At the dependency hearing, the father stipulated that he could not provide for J.Z.'s special needs and consented to the dependency determination so that J.Z. could continue to receive care in an appropriate residential care facility. Following the court's determination that the father had knowingly and voluntarily consented to the determination of dependency, the father expressed concern that, in the future, the child not be placed with a relative without his consent. The father particularly objected to potential placement of the child with her maternal grandmother. A proposed performance agreement was also discussed. The trial court instructed HRS to amend the agreement to incorporate certain conditions specified by the court.
In December 1992, HRS concluded that J.Z. was a candidate for home care and filed a motion for modification of placement with the maternal grandmother who had received training to care for J.Z. Both the father and the guardian ad litem objected to the modification of placement. They believed it was in J.Z.'s best interest to remain in suitable residential care. The father and the guardian ad litem filed a joint motion for disposition to return legal custody of the child to the father. The father filed a separate motion for relief from the dependency order pursuant to Florida Rule of Juvenile Procedure 8.270(b). Following hearings on all motions, the court entered the orders subject of this petition.

I. ORDER ON MOTION FOR RELIEF FROM ORDER OF DEPENDENCY
Petitioners challenge the validity of the dependency order on the grounds that it fails to state a cause of action for dependency and fails to articulate findings of dependency. A determination of dependency may be based on prospective neglect where, as here, the parent cannot provide care of the child in the future. See, e.g. C.N.G. v. Dep't of Health and Rehabilitative Servs., 531 So.2d 345 (Fla. 5th DCA 1988). Moreover, failure to challenge a defective adjudication of dependency by direct appeal leaves the adjudication standing. See Dep't of Health and Rehabilitative Servs. v. Zeigler, 587 So.2d 602 (Fla. 5th DCA 1991). Petitioners' other grounds to set aside the order of dependency are not supported by the record. Accordingly, we deny that portion of the petition for writ of certiorari which requests relief from the order of dependency.

II. ORDER DENYING THE FATHER'S MOTION TO RETURN LEGAL CUSTODY TO THE FATHER
Petitioners argue that the father had substantially complied with the performance *728 agreement and the trial court therefore failed to comply with statutory requirements in denying his motion to return custody. Section 39.41(7), Florida Statutes (1991), provides that upon expiration of the performance agreement, the child shall be returned to the natural parents if the parents have substantially complied with the performance agreement. The record reflects that the original performance agreement was extended once beyond the eighteen-month period provided in section 39.451. The extension period had expired in July 1992, prior to the father's filing of his motion to return custody. Further, although an amended performance agreement was not filed with the trial court, the record reflects testimony by an HRS representative that the father had substantially complied with the original performance agreement and the conditions the trial court had orally instructed HRS to incorporate into an amended agreement.
The trial court's order denying the father's motion to return legal custody does not contain findings refuting the father's assertion that he had substantially complied with the performance agreement. Nor does it provide a basis for denying the father's motion. Without more, it appears that the trial court failed to comply with section 39.41(7). Accordingly, we grant the petition for writ of certiorari as it relates to that order.

III. ORDER GRANTING MOTION TO MODIFY PLACEMENT
The order permitting modification of placement with the maternal grandmother contains the judge's finding that the child does not require institutional care and can be taken care of in a home setting with appropriate services. The order also provides for continued temporary custody of the child and continued foster care supervision until the court otherwise orders. The petitioners argue that continued temporary custody without a specific time limitation is tantamount to placing the child in permanent custody or long-term foster care without complying with statutory requirements for doing so. Under the circumstances of this case, we agree with petitioners.
A trial court is authorized to order a child into long-term custody or permanent placement, provided certain statutory requirements are met. See §§ 39.41(1)(a)3.a. and 39.452 (1991). Pursuant to section 39.41(1)(a)3.a., the trial court may place the child in long-term custody of a relative if the court determines that the parents have failed to comply with the performance agreement and the court determines at a judicial review held pursuant to section 39.453, that neither reunification, termination of parental rights, nor adoption is in the best interest of the child. Additionally, certain conditions referenced in that subsection must be satisfied.
At the outset we note that we cannot determine from the record or the order granting modification of placement, the statutory provision pursuant to which the court granted modification. If the court was acting pursuant to section 39.41(1)(a)3.a., there was no finding that the father failed to comply with the performance agreement. Nor does it appear that the trial court made the appropriate statutory determinations or that the relevant conditions were satisfied. Similarly, if the court was exercising its authority pursuant to section 39.452, the requirements of that statute were not satisfied. We therefore grant the petition for writ of certiorari as it relates to the order granting modification of placement.
Petition for writ of certiorari is denied in part and granted in part. This opinion does not foreclose the trial court from arriving at the same result, provided the relevant statutory requirements are met.
SCHOONOVER, A.C.J., and THREADGILL and PARKER, JJ., concur.