PARIENTE, J.,
specially concurring.
Although I concur in the result in this case, I write separately to emphasize that our approval of the trial court’s order does not depend on the resolution of the certified conflict issue. From the limited record in this case, it appears that the initial shelter petition filed by the Department of Children and Family Services (“the Department”) was based upon allegations of ongoing domestic violence and threats by the mother’s “paramour” that he would kill the mother and children. The Department thereafter filed an amended petition for dependency that only the father, R.F., challenged. In its amended petition, the Department’s allegations of “prospective abuse” or “prospective neglect” as to R.F. were predicated solely on the fact that because R.F. has a fifteen-year prison sentence, he would be “unable to care for his children.” As the Department points out in its brief, it was R.F.’s incarcerated status that supported the trial court’s finding of dependency. R.F. will not assume custody of his children because, in all likelihood, he will be imprisoned during the duration of the children’s minority.
Although the version of the law that applies to this case does not incorporate the concept that a substantial term of incarceration is per se evidence of dependency or termination of parental rights, the Legislature has since enacted into law such a per se rule with regard to the termination of parental rights. See § 39.806(l)(d), Fla. Stat. (1999) (providing that the Department may petition for termination of parental rights on the basis that the parent is incarcerated for a “substantial portion” of the period before the child reaches the age of eighteen).[16] If any per se rule were to be applied to this case, it should be that a finding of dependency based on prospective neglect may be predicated on the fact that the only parent or other guardian who could care for the child is unable to do so because that parent or guardian will be incarcerated for a substantial portion of the child’s minority. Cf. In re J.Z., 636 So.2d 726, 727 (Fla. 2d DCA 1993) (“A determination of dependency may be based on prospective neglect where, as here, the parent cannot provide care of the child in the future.”).
As for the conflict issue, I am compelled to agree that a conviction for the offense of attempted sexual battery on a minor by an adult is insufficient in itself to establish that the adult’s other children should be adjudicated dependent.[17] A court may find that a child who has not actually “been abandoned, abused, or neglected by the child’s parents” is nonetheless dependent if that child is “at substantial risk of imminent abuse or neglect by the parent or parents or legal custodian.” § 39.01(ll)(a), (f), Fla. Stat. (1997). In this case, there is nothing in the record as *1196 to the nature or circumstances of the crime for which R.F. was convicted. Likewise, there is nothing in the record that shows how in this case, the fact that R.F. has been convicted of attempted sexual battery of one child puts his children, M.F. and M.F., at substantial risk of sexual abuse from R.F., especially because he is incarcerated and serving a fifteen-year prison sentence. Given this lack of evidence, I agree with the majority’s conclusion that although “the commission of such an act may be highly relevant, it is not automatically dispositive of the issue of dependency. A court instead should focus on all the circumstances surrounding the petition in each case.” Majority op. at 10-11. Indeed, although it occurred in a termination of parental rights proceeding, this Court has previously explained that it is the totality of the circumstances that must be evaluated in determining the likelihood of prospective abuse of a child based on the past abuse of another child. See Padgett v. Department of Health & Rehab. Servs., 577 So.2d 565, 570-71 (Fla.1991).
I also find it significant that our Legislature has not specifically provided a per se rule that a conviction for a sexual offense against another child shall constitute grounds for an adjudication of dependency or the termination of parental.rights. Cf § 39.464(l)(d), Fla. Stat. (1997) (providing that grounds for termination of parental rights exist when the parent engages in egregious conduct that threatens the life of the child’s sibling or results in the sibling’s serious bodily injury or death). Moreover, a per se rule where the only evidence is a conviction for a sexual offense involving the child’s sibling may raise due process concerns, at least in cases where parental rights are being terminated. Thus, instead of a per se rule, I would suggest the adoption by this Court of a rebuttable presumption of dependency when a parent is convicted of sexual abuse of a minor. This presumption would shift the burden to the parent to present evidence as to why a conviction for the prior sexual abuse of one child would not place the parent’s other children at substantial risk for abuse or neglect.
ANSTEAD, J., concurs.

. Even before section 39.806(l)(d) went into effect, we held that "incarceration does not, as a matter of law, constitute abandonment,” but that it is "a factor to be considered in determining whether abandonment has occurred.” W.T.J. v. E.W.R., 721 So.2d 723, 725 (Fla. 1998).

.R.F. had entered a plea of no contest to this crime.