844 So.2d 821 (2003)
R.F., as Father of R.F. & C.F., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D02-3363.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
*822 Alicia L. Brooks and Kelly A. Swartz of Brooks & Swartz, P.A., Orlando, for Appellant.
Charles D. Peters, Orlando, for Appellee.
THOMPSON, C.J.
R.F. ("father") appeals the trial court's order denying his motion for reunification with his children, R.F. and C.F. We affirm.
On appeal, the father contends that the trial court should have ordered reunification because he had substantially complied with the case plan, and the home study was positive. Although section 39.521(3)(b), Florida Statutes, requires the trial court to place the children with the parent upon completion of a home study, this section and sections 39.522(2) and 39.701(8)(b), Florida Statutes, provide that the return to the parent is authorized only when the placement will not be detrimental to the children's safety, well-being, and physical, mental, and emotional health. See also B.D.E. v. Department of Children and Family Services, 829 So.2d 359 (Fla. 1st DCA 2002).
At the reunification hearing, the department stated that the children remembered all that had occurred when the father would leave them alone for days at a time with no food or electricity while he was abusing drugs. The department explained that the children had not seen their father in two and a half years and had been adamant for the last year that they did not want to live with their father. Also, the children had indicated that the only reason that they spoke to their father on a weekly basis was because the contact was courtordered. R.F., who was fifteen, stated that it was scary even being in the same room with his father, and being in the courtroom made him feel very uncomfortable.
The trial court ordered a recess and asked that the children meet with their father in the presence of the department and the guardian ad litem and allow the father to explain all that he had accomplished in the last three years. After the recess, the guardian ad litem gave the court a summary of the meeting and stated that the children told her that they were not interested in having any further visits with their father. The department stated that it still opposed reunification, and the trial court denied the father's motion. The trial court noted that it would take time for the children to regain trust in their father. The trial court stated:
I will deny the motion, because I have to make sure the children are safe. And they are clearly, both, in a lot of pain. I can just look at them. They are not being dishonest. They are just really in a lot of pain. And that has to be resolved before I send them home. They are not in any condition to go back with their dad ... if these kids told me right nowif they were even equivocal, they gave me any indication that they could go home, you know, we'd be looking at it differently. But, I'm looking at two kids who've got a lot of issues from what happened three years ago or whenever it was. So, everything you've done satisfies the black and white piece of paper, *823 but it doesn't satisfy that these children feel safe or they will be safe emotionally at home with you.
Based on the transcript and the record, we cannot say that the trial court abused its discretion in finding that reunification at that time would be detrimental to the children's well-being. Compare B.D.E., 829 So.2d at 362-363 (although the trial court was mistaken in finding that the mother had not complied with the case plan, the trial court correctly denied the motion for reunification where the court had objectively reasonable concerns that reunification would be detrimental to the child's safety, well-being, and physical, mental, and emotional health).
AFFIRMED.
ORFINGER and MONACO, JJ., concur.