860 So.2d 498 (2003)
B.A.G., father of V.G.G., a child, Petitioner,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Respondent.
No. 1D02-2684.
District Court of Appeal of Florida, First District.
November 22, 2003.
Rehearing Denied January 14, 2004.
*499 Petitioner B.A.G., pro se.
Carol H. Yearwood, Department of Children and Families, Green Cove Springs, for Respondent.
KAHN, J.
Petitioner, B.A.G., seeks certiorari review of the trial court's denial of his motion to allow visitation with his then four-year-old daughter at the state prison where petitioner currently resides. We deny the petition.
B.A.G. and S.W. have a daughter, V.G.G., born May 21, 1998, who has received services and intervention since birth by the Department of Children and Families. The case has included claims of domestic violence and use of drugs and alcohol. The parents completed parenting classes, drug and alcohol treatment, and actively participated in an anger-management program, so that the parents and child were again living together in 1999. Based upon an incident involving assault on a police officer and domestic violence in 1998, B.A.G. was convicted and sentenced to prison for ten years, and S.W. was sentenced to jail. The child was placed in the temporary custody of the paternal and maternal grandparents. When S.W. got out of jail and successfully completed a case plan, the court changed custody back to her by order of September 26, 2001. S.W. subsequently filed for a divorce and that matter was pending at the time of the hearing below that produced the order on review. Petitioner, through his court-appointed lawyer, then filed the present motion asking the court to allow visitation with the child at the prison.
With regard to visitation, B.A.G. testified that before his wife initiated the dissolution action, she consistently brought their daughter to visit him in prison, and when she could not, his mother brought the child every other weekend. He said that after he refused to sign a settlement agreement, his wife cut off visitation and had permitted only one visit in the previous eight or nine months. He said the prison had good facilities for children's visits, with books, toys, games, and puzzles, and that visitation had always been enjoyable with his daughter, whom he loved very much. He had five years yet to serve.
The mother was not present at the hearing, so her attorney, without objection, made certain representations as to what the mother's testimony would be, including details of certain incidents of prior visitation *500 that did not work out well. Moreover, the mother's attorney reminded the court that no guardian ad litem had yet been appointed for the child and urged "before the court forces visitation upon her at Baker Correctional Institute, that a guardian ad litem be appointed so there is an advocate for the child so that we can have a full explanation of all this which would be awfully difficult to do in a hearing setting like this." The trial court declined to require visitation.
The trial court's order of May 23, 2002, is a non-final, non-appealable order. See Dep't of Health & Rehab. Servs. v. Honeycutt, 609 So.2d 596 (Fla.1992) (holding that review of non-final orders determining child custody in child dependency proceedings is not encompassed by rule 9.130(a)(3)(C)(iii), which permits review of non-final orders determining child custody in domestic relations cases). This matter, initially filed as an appeal, must be treated as a petition of writ of certiorari. See J.V. v. Dep't of Health & Rehab. Servs., 661 So.2d 1263 (Fla. 1st DCA 1995) (treating direct appeal of nonfinal order determining issue regarding a performance agreement in dependency case as appropriate for petition for certiorari review). The standard we must apply to a petition for certiorari, of course, is whether the trial court's order departs from the essential requirements of law. See, e.g., Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000) ("For an appellate court to review a nonfinal order by petition for certiorari, the petitioner must demonstrate that the trial court departed from the essential requirements of the law, thereby causing irreparable injury which cannot be adequately remedied on appeal following final judgment.").
At the outset, we recognize that the trial court's order does not deny visitation, but merely refuses to coerce the mother to take the young girl to the prison on a regular basis for visitation. Petitioner has had visitation with his daughter in the past, and may well have visitation in the future, although the mother's discretion will certainly come into play, subject to the final order in the pending dissolution of marriage. Further, the effect of the order before us is, in essence, that of a temporary order because, as acknowledged by the mother's attorney, the trial court could easily revisit the matter upon appointment of a guardian ad litem and after a fuller report as to the exact circumstances that would be involved in visitation at the state prison facility. See Dent v. Dent, 851 So.2d 819, 821 (Fla. 2d DCA 2003)(Stringer, J., concurring)("It is well settled that courts retain authority over interlocutory orders and may change, modify or set aside such orders until the entry of a final judgment."); T.M.M. v. H.M.C., 788 So.2d 1114, 1118 (Fla. 2d DCA 2001)(explaining that trial court was free to revisit temporary nonfinal order requiring father to continue to provide visitation with his children to his sister where order was entered "without prejudice" and in contemplation of a further evidentiary hearing). See also § 61.401, Fla. Stat. (2002)(providing that court may appoint guardian ad litem "[i]n an action for dissolution of marriage, modification, parental responsibility, custody, or visitation, if the court finds it is in the best interest of the child....").
Moreover, there is no reason to believe that the mother, who has not appeared in this appeal, is not doing an adequate job parenting the child. The Department of Children and Families has advised the court that it was relieved of supervising this dependency matter as of September 26, 2001, and has had no need to have any contact with this case since then, although Department did appear at the visitation hearing on May 23, 2002. The Department has taken no position on the question *501 of visitation either before the trial court or this court.
We are unable to say that the trial court's refusal to compel visitation in prison is a departure from the essential requirements of law. In reaching this conclusion, we have taken into consideration the fact that, as stated above, the effect of the order is that of a temporary order, that a guardian ad litem had never been appointed on behalf of the child, and further that the question was pending for disposition before the dissolution of marriage court, with any order entered by that court as to visitation or any other issue subject to full plenary review.
CERTIORARI DENIED.
PADOVANO, J., concurs, and ERVIN, J., concurs in result.