865 So.2d 634 (2004)
In the Interest of H.H. and R.W., minor children.
J.H., Appellant,
v.
Department of Children and Family Services, Appellee.
Nos. 2D03-2376, 2D03-2538.
District Court of Appeal of Florida, Second District.
February 11, 2004.
*635 J.H. "Ray" LeGrande of LeGrande & LeGrande, P.A., Fort Myers, for Appellant.
William Byrne Isaacs, Port Charlotte, for Appellee.
DAVIS, Judge.
J.H., the Mother, challenges three orders of the circuit court, which deemed the respective relative placements of her daughters, H.H. and R.W., to be permanent placements and terminated the supervision of the Department of Children and Family Services (the Department). We reverse.
The children were adjudicated dependent on October 30, 2002; the older daughter, H.H., was placed with a maternal aunt and uncle, while the younger daughter, R.W., was placed with her biological father in Montana. The most recent case plan had a goal of reunification, and the Mother filed several motions seeking reunification. The trial court, however, denied each, finding that the Mother was not in compliance with her case plan. At only one of the reunification hearings did the trial court specify how the Mother was noncompliant, instructing her to participate in visits with her oldest daughter. Five weeks later, the Mother again moved for reunification, citing five consecutive weekly visits with H.H., but the trial court again denied the motion.
In the trial court's final orders placing the children in long-term placements, it found that the Mother had not substantially complied with her case plan tasks. However, the trial court also included a list of the tasks and noted by each that the Mother was in compliance.
Compliance with a case plan with a goal of reunification "requires that the child be returned to his parent(s) `if the court is satisfied that reunification will not be detrimental to the child's safety, well-being, and physical, mental, and emotional health.'" B.D.E. v. Dep't of Children & Family Servs., 829 So.2d 359, 360 (Fla. 1st DCA 2002) (quoting § 39.701(8)(b), Fla. Stat. (2001)); see also In re M.C., 796 So.2d 566, 568 (Fla. 2d DCA 2001). Additionally, "[w]e will not reverse an order that determines permanency by directing long-term placement with a relative if there is competent, substantial evidence to support it." In re J.C., 805 So.2d 1094, 1096 (Fla. 2d DCA 2002).
The only evidence in the record before us that the Mother was noncompliant with her case plan is the case worker's testimony that the Mother had not visited her daughters. However, in its orders the trial court noted that the Mother had since participated in weekly visits with H.H., and R.W. remained in Montana with her biological father. Accordingly, the record does not support the trial court's finding of substantial noncompliance.
However, Florida courts have held that even where the trial court's finding regarding compliance is not supported by competent, substantial evidence, long-term placement can be affirmed if the trial court's order, on objectively reasonable grounds, makes a finding that reunification would be detrimental to the child's safety, well-being, and physical, mental, and emotional health. See B.D.E., 829 So.2d at 363. Although the trial court here stated in its order that reunification was "contrary to the welfare of the children because the home situation presents a substantial and immediate danger to the children" and that "there is continued *636 need for out-of-home placement to ensure the child[ren]'s health, safety and well-being," these conclusions are not based on any specific findings and, therefore, are not reasonably objective.
Because we conclude that the trial court abused its discretion, see R.F. v. Dep't of Children & Families, 844 So.2d 821, 823 (Fla. 5th DCA 2003), we reverse and remand with instructions to reinstate the most recent case plan, which had a goal of reunification. Such case plan would not bar the trial court from granting relative long-term placement at some point in the future upon a proper showing of noncompliance or that reunification would be a detriment to the children's safety, well-being, and physical, mental, and emotional health.
Reversed and remanded with instructions.
ALTENBERND, C.J., and SILBERMAN, J., Concur.