881 So.2d 702 (2004)
T.F., n/k/a T.G., mother of et al., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 1D03-5439.
District Court of Appeal of Florida, First District.
September 9, 2004.
Barry W. McCleary, Pensacola, for Appellant.
Katie George, District Legal Counsel and Richard D. Cserep, Assistant District Legal Counsel, Department of Children and Family Services, Pensacola, for Appellee.
PER CURIAM.
T.F., n/k/a T.G., the mother, appeals from the trial court's order terminating the protective services of the Department of Children and Families and the placing her four children in long-term relative care with the paternal grandparents. Because the order is not supported by competent substantial evidence, we reverse.
Where, as here, a parent seeks reunification with a child, the child must be returned to his or her parent if the parent has substantially complied with the case plan and "if the court is satisfied that reunification will not be detrimental to the child's safety, well-being, and physical, mental, and emotional health." B.D.E. v. *703 Dep't of Children & Family Servs., 829 So.2d 359, 360 (Fla. 1st DCA 2002) (quoting section 39.701(8)(b), Florida Statutes); see also In the Interest of H.H., 865 So.2d 634, 635 (Fla. 2d DCA 2004). An order that determines that these requirements have not been met and places a child in long-term relative care, and thus determines permanency, will not be reversed unless it is not supported by competent substantial evidence. See B.D.E., 829 So.2d at 360; In the Interest of H.H., 865 So.2d at 635.
At the relevant hearings, the mother presented unrebutted evidence that showed that the mother had substantially complied with the case plan and that reunification with the mother would not be detrimental to the children. Thus, reunification is required. See 39.701(8)(b), Fla. Stat. (2003). Rather than basing its determinations upon this evidence, it appears that the trial court's decision to place the children in long-term relative care was based upon unsworn assertions, hearsay, and the court's personal knowledge concerning the mother's new husband. Thus, there was a total lack of competent substantial evidence to support the trial court's order. See A.M.T. v. State, No. 03-2830, ___ So.2d ___, 2004 WL 1881750 (Fla. 1st DCA Aug. 25, 2004) (reversing a shelter determination where there was no sworn testimony that established a basis upon which to shelter the children).
Therefore, the trial court's order is REVERSED and REMANDED for reunification of the children with the mother and reinstatement of the Department's supervision, see Fla. R. Juv. P. 8.415(f)(5).
DAVIS, LEWIS and POLSTON, JJ., CONCUR.