888 So.2d 147 (2004)
L.F., Mother of R.F., E.F., S.F. and D.F., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D04-422.
District Court of Appeal of Florida, Fifth District.
December 3, 2004.
*148 Ronald E. Kowalski of Derfel-Kowalski Associates, P.A., Daytona Beach, for Appellant.
Emma Ewings of Dept. of Children & Families, Daytona Beach, for Appellee.
THOMPSON, J.
L.F., ("mother"), the mother of four minor children, appeals an order terminating her parental rights. We affirm.
An order terminating parental rights will be upheld if it is supported by clear and convincing evidence. See, e.g., Kingsley v. Kingsley, 623 So.2d 780 (Fla. 5th DCA 1993). Where a trial court has found that there is clear and convincing evidence supporting a termination of parental rights, such findings enjoy a presumption of correctness and will not be overturned unless clearly erroneous and lacking evidentiary support. C.C. v. Department of Children and Families, 29 Fla. L. Weekly D2315 (Fla. 5th DCA Oct.15, 2004).
In the instant case, the children were adjudicated dependent in 2000 and were returned to the mother in 2001, after she completed her case plan. In 2002, the children were again adjudicated dependent because of deplorable conditions in the home. The goal of the case plan was reunification by March 2003. However, by July 2003, the mother still had not completed her case plan, and the department filed a petition for involuntary termination of parental rights.
At the termination hearing, the evidence before the court was that the mother was not capable of supervising all four children. At visits, the mother ignored the misbehavior of the children, and there was testimony that ninety percent of the time, the *149 supervisor would have to take care of the situation. The mother usually arrived more than 20 minutes late to visits and was more involved with her boyfriend or whomever she brought along, than with the children. On one occasion, the mother did not prevent one of the children from playing with electrical outlets, and one supervisor testified that during an entire year of visits, the mother changed one child's diapers only once. The mother rarely attended the children's medical appointments and school meetings, despite being notified and despite being offered transportation. A case worker opined that there was little attachment between the mother and the children and that termination would not harm the children.
Moreover, after a psychiatric evaluation, the mother failed to complete a recommended medication therapy despite being offered financial assistance and transportation. The mother would not cooperate with Neighbor to Family, through which she was offered assistance with her budget. Under the case plan, the mother was supposed to obtain housing, but despite assistance from Neighbor to Family with housing applications, the mother instead lived in a hotel with her boyfriend and did not secure an apartment until four days prior to the termination hearing. Finally, there was testimony that even if the mother had secured housing earlier, she was not capable of providing a safe environment for the children.
The trial court ruled that the evidence proved beyond and to the exclusion of reasonable doubt that the services offered and provided in this case were extraordinary and incredible. The trial court found that extraordinary efforts were made to help the mother including helping her with hygiene issues, housing, budgeting, and obtaining medication, but that the mother's lack of parenting skills placed the children at risk of physical danger. The trial court ruled that there were no additional services that could have been offered to effect reunification. See In the Interest of L.R.R., 455 So.2d 598 (Fla. 5th DCA 1984) (holding that a parent's inability to provide a proper and fit home coupled with abandonment or lack of a genuine interest in the children for almost a two-year period warranted termination of parental rights).
We conclude that assuming the mother's arguments are preserved for review,[1] the findings were supported by competent, substantial evidence. The order terminating parental rights is AFFIRMED.
SHARP, W., and GRIFFIN, JJ., concur.
NOTES
[1] Citing J.D. v. Department of Children and Families, 825 So.2d 447 (Fla. 1st DCA 2002), the department argues that the mother failed to preserve for review the sufficiency of the evidence by failing to file a motion for a judgment of dismissal pursuant to Rule 8.525(h), Florida Rule of Juvenile Procedure, at the conclusion of the department's case or at any other time during the hearing.