916 So.2d 1006 (2006)
H.G., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 4D04-4617.
District Court of Appeal of Florida, Fourth District.
January 4, 2006.
*1007 Kathleen K. Pena of the Law Offices of Kathleen K. Pena, Pembroke Pines, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey Bassett and Tricia D. Brissett, Assistant Attorneys General, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny the motion for rehearing, withdraw our prior opinion, and substitute the following in its place. The mother, H.G., appeals the final order denying her motion for reunification with her son, S.I., based on her failure to substantially comply with the case plan. We reverse.
The Department of Children and Families (DCF) filed an Affidavit and Petition for Placement in Shelter, alleging that on October 7th and 8th of 2003, the mother physically abused S.I. for misbehaving at school. The court granted the petition and placed S.I. in shelter with his father, C.I. On January 12, 2004, the court approved a case plan with a goal of reunifying S.I. with the mother by January 12, 2005. The case plan's tasks were structured to address the mother's inability to provide a safe and nurturing home. Pursuant to the case plan, the mother was required to attend a parenting course, complete an anger management program, attend family counseling with the child, and participate in individual counseling. The case plan also stipulated that the mother was responsible for providing the child's health insurance and the father would financially support the child. At the hearing in July 2004, the court ordered the family counseling sessions to include both parents, but did not amend the case plan.
A permanency review hearing was held on September 15, 2004, where the court determined that the mother completed (1) the parenting classes, (2) an anger management program, and (3) individual counseling. However, family counseling with the father had not taken place and the mother had not paid child support. The judge informed the parties that the payment of "[child] [s]upport is part of the case plan" and the mother's refusal to pay the support would be considered.
Testimony was also presented that the parents' conflicting schedules prevented the mother from having consistent visitation with the child. Those conflicts were part of the reason the child advocate recommended changing the case plan's goal from reunification with the mother to maintaining and strengthening the relationship with the father. The judge rejected this request because the father's lack of cooperation was preventing the mother from completing the case plan. Accordingly, the judge extended the case plan until October 25, 2004, and ordered the father to cooperate with transporting the child to visits.
On October 7, 2004, DCF filed a motion to terminate protective supervision, alleging permanency had been reached with the *1008 father. The mother filed her motion for reunification the following day.
Ten days before the final hearing, DCF filed psychological reports on the mother and the child. According to the reports, the child's negative comments about the mother may not have been the byproduct of overt alienation, but could have resulted from exposure to his parents' animosity towards each other. To improve the parents' relationship and the child's opinion of his mother, the psychologist "highly recommended" that the parents participate in counseling sessions together and the child have regular visitation with the mother. The Department never amended the case plan to reflect the recommendation that the parents attend family counseling together.
At the final hearing, the child advocate testified that the mother had not substantially complied with the case plan because she had not paid child support or attended family counseling with the child and the father. It is disputed as to whether the mother was aware of the first counseling session. The mother testified that she was not aware a referral had been made until the final hearing, but acknowledged informing the child advocate that she did not want to participate in family counseling with the father. The child advocate testified that she made a referral for family counseling on July 6, 2004, but was told the mother did not want to participate in family counseling with the father and would instead attend family counseling with her son upon their reunification.[1] On cross-examination, the child advocate admitted that she informed only the father that the service provider would be contacting the parents. Even if the mother elected to attend that counseling session with the father, testimony shows that he was unavailable. Neither parent was able to attend the subsequently scheduled counseling session because they were out of the country. The parents were also unable to attend the third appointment because it was scheduled to take place two days after the final hearing. See T.M. v. Dep't of Children & Families, 905 So.2d 993, 997 (Fla. 4th DCA 2005) (on motion for rehearing) (stating "`[w]hen a parent and the department enter into a case plan, the department must make reasonable efforts to reunify the family'") (quoting P.A. v. Dep't of Health & Rehabilitative Servs., 685 So.2d 92, 93 (Fla. 4th DCA 1997)).
The child advocate recommended terminating protective supervision because of the difficulty of arranging transportation for the child to see the mother and the child's desire to remain with his father. The judge granted the request, relying on the child advocate's belief that the child found permanency with the father. Although the judge denied the mother's request for reunification, he did grant her unsupervised visits with the child because their visits were going "very well," she had stable housing, and there was a positive home study. Following these rulings, the judge adopted DCF's amended case plan over the mother's objection. That plan changed the goal from reunifying the child with the mother to maintaining and strengthening the relationship with the father. This appeal followed.
When a case plan has a goal of reunification, the law requires that the child be returned to his parent if the court is satisfied that the parent "has substantially complied with the terms of the case plan to the extent that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the return of the child to the home." *1009 § 39.522(2), Fla. Stat. (2003). Section 39.01(68) defines "substantial compliance" as:
[T]he circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child's remaining with or being returned to the child's parent.
In this case, it is undisputed that the finding of dependency stemmed from the mother's physical aggression towards her son. The case plan was aimed primarily at resolving that issue. Testimony was presented that the mother completed (1) the anger management program to help her deal with her anger, (2) the parenting effectiveness training program so that she will not expose the child to risk or harm, and (3) the individual counseling so that she can provide him with care and a safe environment. No testimony was presented that reunifying the mother with the child would endanger his safety, well-being, or physical, mental, or emotional health. Instead, the Department devoted a substantial portion of its case to the mother's failure to complete family counseling with the father.
Even in the absence of the logistical difficulties with attending the family counseling sessions with the father, the mother's failure to attend those sessions should not have been considered when deciding whether she substantially complied with the case plan. The reason for this conclusion is that the case plan was never amended to incorporate the judge's order. Florida Rule of Juvenile Procedure 8.400(b) permits a judge to amend a case plan at a hearing. Florida Statutes section 39.601(9)(f) requires that "competent evidence [support] the need for the amendment." Regardless of whether substantial evidence justified amending the case plan to reflect the judge's order, the case plan was never amended to require the mother to attend family counseling sessions with the father. Although testimony reveals that the mother never attended family counseling with just her son and a therapist, we find that she did substantially comply with the case plan to the extent that the well-being and safety of her son would not be endangered upon the child being returned to her.
We also write to address the trial judge's comment that he would consider the mother's failure to pay child support when issuing his ruling. The failure to pay could not be considered when ruling on reunification because the record contains no evidence showing that the case plan was amended to require the mother to provide that support.
Finally, upon the State's request, the judge amended the case plan to change the goal from reunification with the mother to strengthening and maintaining ties with the father. In light of our reversal of the court's denial of reunification, we also reverse the case plan's amendment. We therefore vacate the lower court's order and remand this cause to the lower court with instructions that it reunify the child with the mother under protective supervision of the Department, unless the court, upon sufficient factual findings, concludes that reunification would endanger the child's "safety, well-being, and physical, mental, and emotional health," or otherwise not be in the child's best interest. § 39.522(2), Fla. Stat.; see also Fla. R. Juv. P. 8.415(f)(2).
Reversed and Remanded with instructions.
STEVENSON, C.J., TAYLOR and HAZOURI, JJ., concur.
NOTES
[1] According to DCF's amended case plan, the family counseling with the minor and the mother was completed on February 16, 2004.