961 So.2d 1022 (2007)
D.W.G., Father of C.M.G., a Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D06-3989.
District Court of Appeal of Florida, Fifth District.
July 16, 2007.
C. Michael Barnette, of Law Office of C. Michael Barnette, Daytona Beach, for Appellant.
Jodi Abramowitz, of Department of Children and Family Services, Orlando, for Appellee.
Hillary S. Kambour, Guardian Ad Litem Program, Orlando.
THOMPSON, J.
D.W.G. appeals a September 2006 dependency order that reunified C.M.G. with the mother and an October 2006 order on judicial review/permanency review and notice of next hearing.
D.W.G. now suggests, and the Department of Children and Families agrees, that the challenged order is not an appealable order under Florida Rule of Appellate Procedure 9.130(a)(3). However, this court treats the notice of appeal as a petition for writ of certiorari. See Fla. R.App. P. 9.040(c); S.H. v. Dep't of Children & Families, 950 So.2d 1267, 1268 (Fla. 5th DCA 2007); In re B.A.B., 726 So.2d 402 (Fla. 2d DCA 1999); Interest of K.D. & C.M., 679 So.2d 39 (Fla. 2d DCA 1996). Though D.W.G. addresses much of his argument against the October order on judicial review/permanency review and notice of next hearing, he requests primarily that this court reverse the September order of modification of custody/placement. "The standard of review to be applied by an appellate court in considering common law certiorari is whether the trial court's order departs from the essential requirements of law." A.P. v. Dep't of Children & Families, 957 So.2d 686 (Fla. 5th DCA 2007) (citing Belair v. Drew, 770 So.2d 1164, 1166 (Fla.2000)).
Finding no departure from the essential requirements of the law, we DENY the Petition.
PALMER, C.J. and MONACO, J., concur.