963 So.2d 314 (2007)
DEPARTMENT OF CHILDREN & FAMILIES, State of Florida; Guardian ad Litem Program, Petitioners,
v.
S.T., as mother of E.T. and C.K.; and C.K., the father, Respondents.
No. 4D07-1798.
District Court of Appeal of Florida, Fourth District.
August 15, 2007.
*315 Patricia M. Propheter, Orlando, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey Bassett, Assistant Attorney General, Fort Lauderdale, for respondent Department of Children and Families.
Kenneth M. Kaplan, Miami, for the mother.
Roger Ally of the Law Offices of Roger Ally, P.A., Pembroke Pines, for the father.
FARMER, J.
A party calling itself the "Guardian ad Litem Program" (GALP) has filed a petition for certiorari seeking extraordinary review of a nonfinal order granting a mother's motion for reunification entered in a pending child dependency proceeding. The Department of Children and Families of the State of Florida (DCF) has filed a response joining in the petition. Because DCF has joined in this petition, we set aside any doubts we may harbor about GALP's standing or authority in its own namerather than through the party represented by a guardian ad litemto seek review of orders in these proceedings. We find certiorari inappropriate under the facts of this case.
In this case, these two older children had been adjudicated dependent as to both parents on account of multiple incidents of domestic violence committed in their presence. Initially they were left in the mother's custody under the supervision of DCF. After yet another incident, these two children and the mother's new infant all were placed in the custody of the paternal grandparents. The trial court accepted a case plan as to the two older children with the goal of reunification.
After barely a month, the mother moved for reunification because she had begun to work on all of the tasks of her case plan and had completed one or more of them. After hearing evidence the court announced that it would order the children returned to the motherconditioned on her passing a home study by DCF. Although the trial court also announced orally that she was "making no findings," in her handwritten order she actually stated a finding that it is:
"in the best interests of the children for the children to be reunified with the mother in that the court removed the children on a temporary basis only because of additional incident of domestic violence. The Court now believes the risk to the children was diminished by the mother obtaining her Restraining Order against [the father] and finishing her 4 week (4 classes) Crisis Group Program."
And, again, even though the trial court did not make an express statement that mother had substantially complied with the case plan, it is obvious that the court was convinced that "the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child *316 will not be endangered" by a return of the children to the mother's custody.[1] DCF may seek a modification of the return placement with the mother if future incidents of violence occur.
We conclude that the petition fails to demonstrate a departure from the essential requirements of law causing material injury that could not be remedied on a final appeal. Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996).
Certiorari denied.
STONE and WARNER, JJ., concur.
NOTES
[1] "`Substantial compliance' means that the circumstances which caused the creation of the case plan have been significantly remedied to the extent that the well-being and safety of the child will not be endangered upon the child's remaining with or being returned to the child's parent." § 39.01(71), Fla. Stat. (2006).