979 So.2d 378 (2008)
E.I., the Mother, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D07-4847.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Opinion Granting Clarification May 7, 2008.
*379 Lori D. Shelby, Fort Lauderdale, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant Attorney General, Fort Lauderdale, for appellee.
POLEN, J.
Appellant E.I., the mother, appeals the trial court's non-final denial of her motion for extraordinary relief and reunification in the case of the minor child, Et.I. E.I. argues the trial court erred in denying her motion for extraordinary relief and in failing to reopen the case. While we agree with the trial court's denial of E.I.'s motion for extraordinary relief and reunification, we find the trial court erred in failing to include the appropriate factual findings in its order and remand for entry of a corrected order.
When "a parent seeks reunification with a child, the child must be returned to his or her parent if the parent has substantially complied with the case plan and `if the court is satisfied that reunification will not be detrimental to the child's safety, well-being, and physical, mental, and emotional health.'" T.F. v. Dep't of Children & Family Servs., 881 So.2d 702, 702 (Fla. 1st DCA 2004) (quoting B.D.E. v. Dep't of Children & Family Servs., 829 So.2d 359, 360 (Fla. 1st DCA 2002)).
Thus . . . there are at least two factors that a trial court must consider when ruling on a motion for reunification: the parent's compliance with the case plan and whether reunification would be detrimental to the children. As the statute suggests, when a parent has requested reunification and substantially complied with her case plan, there is a presumption that the children should be returned.
C.D. v. Dep't of Children and Families, 974 So.2d 495, 500 (Fla. 1st DCA 2008). The trial court must address the factors listed in section 39.522(2), which are:
(a) The compliance or noncompliance of the parent with the case plan;
(b) The circumstances which caused the child's dependency and whether those circumstances have been resolved;
(c) The stability and longevity of the child's placement;
(d) The preferences of the child, if the child is of sufficient age and understanding to express a preference;
(e) The recommendation of the current custodian; and
(f) The recommendation of the guardian ad litem. . . .
§ 39.522(2), Fla. Stat.
Neither of the trial court's orders denying E.I.'s motions to reopen the case lists the factors to be considered under section 39.522(2), Florida Statutes. While the trial court did not abuse its discretion in denying E.I.'s motion, based on the record before us, it failed to comply with the statute by not addressing all the statutory factors, specifically: what caused the dependency in the first place and whether these circumstances were resolved; the stability and longevity of the child's placement; and the recommendation of the current custodian.
We affirm the trial court's denial of E.I.'s motion but remand for entry of a corrected order in compliance with the statute. See C.D., 974 So.2d at 501. ("ordinarily a trial court's failure to list adequate factual findings can be remedied by instructions to the trial court to enter those findings"). Of course nothing in this opinion precludes E.I. from bringing a new motion for reunification should she have additional evidence which would support such a ruling.
GROSS and MAY, JJ., concur.

*380 ON MOTION FOB CLARIFICATION
POLEN, J.
Appellee, the Department of Children and Families, has filed a motion for clarification of this court's opinion in E.I. v. Department of Children and Families, 979 So.2d 378, 2008 WL 1734505 (Fla. 4th DCA 2008). This court affirmed the trial court's denial of E.I.'s motion for extraordinary relief and reunification but remanded for entry of a corrected order containing the appropriate factual findings required by Florida statute. The statute cited by this court was section 39.522(2), Florida Statutes, which deals with post-disposition changes in custody in active dependency cases.
On its motion for clarification, the Department asks this court to clarify its opinion by substituting section 39.621(10), Florida Statutes, as it is the controlling statute in this case as it deals with postclosure motions to reactivate. We agree with the Department's assertion and correct the scrivener's error in the previously issued opinion. We withdraw the section of the opinion referencing section 39.522(2), Florida Statutes, and substitute section 39.621(10), Florida Statutes, in its place. This substitution does not change the result of the case as the six factors to be considered by the court as per our opinion are found in section 39.621(10), Florida Statutes.
GROSS and MAY, JJ., concur.