FARMER, J.
 

 In this dependency proceeding, the mother sought reunification with her child. After an evidentiary hearing, the trial court found substantial completion of her case plan but denied relief without making specific written, factual findings as to why-reunification would not be in the best interests of her child. She appeals. We reverse.
 

 In
 
 E.I. v. Department of Children and Families,
 
 979 So.2d 378 (Fla. 4th DCA 2008), we held that a court is obligated to comply with section 89.621(10), requiring the trial court to address and include in the written findings of fact the following six factors:
 

 (a) compliance or noncompliance with the case plan;
 

 (b) whether the circumstances causing the dependency have been resolved;
 

 (c) length and stability of the child’s placement;
 

 (d) preferences of the child if sufficiently mature and able to express a preference;
 

 (e) recommendation of the current custodian; and
 

 (f) recommendation of any guardian ad litem.
 

 979 So.2d at 379. Even when it is not an abuse of discretion to deny reunification, we will reverse the order and remand for compliance with section 39.621(10) if the order fails to explicitly address the six factors.
 
 E.I.,
 
 979 So.2d at 379;
 
 see also C.D. v. Dep’t of Children and Families,
 
 974 So.2d 495, 501 (Fla. 1st DCA 2008) (explaining that when a trial court makes a conclusory finding that reunification is not in the best interest of the child, instead of documenting detailed factual findings as required by § 39.621(10), appellate courts
 
 *311
 
 should reverse the order and remand for application of the correct law and entry of appropriate factual findings). The order in this case is indistinguishable from the one in
 
 E. I.
 

 Reversed.
 

 HAZOURI and GERBER, JJ., concur.