BENTON, J.
S.P. seeks review of a non-final, postde-pendency order denying his motion for reunification with his minor child, D.P. We treat his notice of appeal and amended initial brief as together comprising a petition for writ of certiorari. See Dep’t of Health & Rehab. Servs. v. Honeycutt, 609 So.2d 596, 597 (Fla.1992) (holding that “child dependency proceedings under chapter 39 do not fall within Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii) providing for review of nonfinal orders determining child custody in domestic relations cases” and recognizing that “courts already have the ability to review egregious cases by common law certiorari” (footnote omitted)); In re M.V.-B., 19 So.3d 381, 385, 2009 WL 1606545 (Fla. 2d DCA 2009) (“[W]e hold that the orders entered in dependency proceedings after the entry of the order adjudicating dependency and before an order terminating supervision or jurisdiction are not appeal-able pursuant to 9.130(a)(4). When appropriate, such orders may be challenged by common law certiorari.” (footnote omitted)); In re A.W.P., Jr., 10 So.3d 134 (Fla. 2d DCA 2009) (treating appeal from order entered after dependency adjudication as petition for writ of certiorari); Fla. Dep’t of Children & Families v. R.A., 980 So.2d 578 (Fla. 3d DCA 2008) (granting petition for writ of certiorari and quashing postde-pendency order); C.B. v. Dep’t of Children & Families, 975 So.2d 1158 (Fla. 5th DCA 2008) (treating appeal from post-disposition dependency orders as petition for writ of certiorari); Dep’t of Children & Families v. S.T., 963 So.2d 314 (Fla. 4th DCA 2007) (denying petition for writ of certiora-ri seeking to overturn order granting motion for reunification); D.W.G. v. Dep’t of Children & Families, 961 So.2d 1022 (Fla. 5th DCA 2007) (treating appeal from reunification order and order on judicial review/permanency review and notice of next hearing as petition for writ of certiorari); B.A.G. v. Dep’t of Children & Families, 860 So.2d 498 (Fla. 1st DCA 2003) (treating appeal from order denying motion seeking visitation in dependency proceeding as petition for writ of certiorari); C.C. v. Dep’t of Children & Families, 732 So.2d 1125 (Fla. 4th DCA 1999) (treating appeal from order dismissing petition for custody of dependent child as petition for writ of certiorari); Gott v. Dep’t of Children, Youth & Families, 723 So.2d 936 (Fla. 3d DCA 1999) (treating appeal from order denying visitation with dependent child as petition for writ of certiorari); In re J.Z., 636 So.2d 726 (Fla. 2d DCA 1993) (treating *880 petition for writ of certiorari and alternative petition for writ of habeas corpus to review postdependency orders as petition for writ of certiorari). But see L.J.S. v. Fla. Dep’t of Children & Families, 995 So.2d 1151 (Fla. 1st DCA 2008) (reviewing denial of motion for reunification sought by appeal; reversing and remanding for required factual findings); G.V. v. Dep’t of Children & Families, 985 So.2d 1248 (Fla. 4th DCA 2008) (reviewing denial of motion for reunification and order terminating department’s protective supervision sought by appeal; reversing and remanding for modification because record did not support certain factual finding); E.I. v. Dep’t of Children & Families, 979 So.2d 378 (Fla. 4th DCA 2008) (reviewing denial of motion for extraordinary relief and reunification sought by appeal; affirming order but remanding for required factual findings); B.J. v. Fla. Dep’t of Children & Families, 974 So.2d 527 (Fla. 3d DCA 2008) (reviewing, inter alia, portion of modification order which denied a motion for reunification, sought by appeal; reversing portion of modification order denying motion for reunification for insufficient evidence); C.D. v. Dep’t of Children & Families, 974 So.2d 495 (Fla. 1st DCA 2008) (reviewing order denying motion for reunification sought by appeal; reversing and remanding for reunification of the children with their mother because no competent substantial evidence in the record supported a determination that reunification would have endangered the children’s safety, well-being or health); R.F. v. Dep’t of Children & Families, 949 So.2d 357 (Fla. 4th DCA 2007) (reviewing denial of motion for reunification sought by appeal; reversing and remanding for specific factual finding); H.G. v. Dep’t of Children & Families, 916 So.2d 1006 (Fla. 4th DCA 2006) (reviewing denial of motion for reunification sought by appeal; reversing and remanding for reunification unless the trial court determined on remand, upon sufficient factual findings, that reunification would endanger the child’s safety, health or well-being); S.P. v. Dep’t of Children & Families, 904 So.2d 615 (Fla. 4th DCA 2005) (reviewing denial of motion for reunification sought by appeal; reversing and remanding for factual findings); R.F. v. Dep’t of Children & Families, 844 So.2d 821 (Fla. 5th DCA 2003) (reviewing denial of motion for reunification sought by appeal; affirming on grounds trial court did not abuse its discretion in determining reunification would be detrimental to the child’s safety, health or well-being); In re V.B., 815 So.2d 736 (Fla. 2d DCA 2002) (treating petition for writ of habeas corpus to review order on reunification as appeal; vacating order and remanding for further proceedings where there was inadequate notice of the hearing).
The cases collected in the preceding paragraph reflect some uncertainty about the appealability of non-final orders entered after orders adjudicating dependency. Confusion concerning the appealability of non-final orders in juvenile dependency and related cases was reportedly a factor leading to a proposal to amend Florida Rule of Appellate Procedure 9.146, which is now pending in the supreme court. See Proposed Rule 9.146(c)(2), Florida Rules of Appellate Procedure, In re Amendments to the Fla. Rules of Judicial Admin., the Fla. Rules of Juvenile Procedure, & the Fla. Rules of Appellate Procedure — Implementation of the Comm’n on Dist. Court of Appeal Performance & Accountability Recommendations, Case No. SC08-1724 (Fla. Sept. 26, 2008) (publication notice), available at http:// www.floridasupremecourt.org/decisions/ probin/sc08-l724_PublicationNotice.pdf (last visited Sept. 1, 2009); In re Implementation of Comm’n on Dist. Court *881 of Appeal Performance & Accountability Recommendations, Case No. SC08-1724 (Fla. Feb. 14, 2008) (petition), available at http://www.floridasupremecourt.org/ clerk/comments/2008/08-1670_021408_ Petition.pdf (last visited Sept. 1, 2009). See generally In re R.B., 890 So.2d 1288 (Fla. 2d DCA 2005).
On the merits, S.P. made no showing that the trial court’s decision to deny immediate reunification was an abuse of discretion. The trial court did order additional visitation, and did not rule out eventual reunification. S.P.’s strongest argument concerns the adequacy of the findings of fact in the order: Section 39.621(10), Florida Statutes (2008), delineates certain factual findings that must be made in orders addressing motions for reunification. See generally C.D. v. Dep’t of Children & Families, 974 So.2d 495, 500 (Fla. 1st DCA 2008). But the requirement to make findings presupposes evidence from which the trial court could make an informed decision. See generally Simmons v. Simmons, 979 So.2d 1063, 1064 (Fla. 1st DCA 2008) (a trial court has no duty under the dissolution statute to make findings as to the value of marital assets if the parties have not presented evidence on that issue).
In the present case, without a transcript, we are unable to determine whether S.P. adduced evidence that could support any additional findings that would militate in favor of reunification. In these circumstances, S.P. has failed to demonstrate entitlement to certiorari relief. See generally Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla. 1979). He has not shown that the trial court’s findings of fact were materially inadequate or incomplete, much less that they were a departure from the essential requirements of law.
Accordingly, we deny the petition for writ of certiorari and decline to disturb the order below.
HAWKES, C.J., and WOLF, J., concur.