IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

L.J. a/k/a M.L., FATHER OF A.J., A CHILD,

      Appellant,

 v.                                          Case No.  5D17-1069

DEPARTMENT OF CHILDREN AND FAMILIES,

      Appellee.

_____/

Opinion filed June 15, 2017

Appeal from the Circuit Court for
Orange County,
Daniel Dawson, Judge.

Ryan Thomas Truskoski, of Ryan Thomas
Truskoski, P.A., Orlando, for Appellant.

Kelley Schaeffer, Appellate Counsel,
Department of Children & Families,
Bradenton, for Appellee.

C. Andrew Roy, of Winderweedle, Haines,
Ward & Woodman, P.A., Winter Park, for
Guardian ad Litem.

PER CURIAM.

      L.J., a.k.a. M.L., Father of A.J. ("Father"), appeals the trial court's final order

terminating his parental rights to A.J., a minor child. Father argues the trial court erred by

failing to include a finding that reunification posed a substantial risk of harm to A.J.

Finding that competent, substantial evidence supports termination of Father's parental

rights, we affirm the trial court's order but remand for the trial court to enter additional findings consistent with this opinion.

Immediately following A.J.'s birth, the Department of Children and Families (the "Department") filed a shelter petition after both A.J. and his mother ("Mother") tested positive for cocaine. The Department later petitioned to involuntarily terminate the rights of both parents. After the Department located Father in jail, the trial court ordered a DNA test, which established Father's paternity of A.J. The Department then filed an amended petition for termination of parental rights on the basis that Father's rights to his two other children were terminated in 2009 and 2014.[1]

At the subsequent trial, the trial court took judicial notice of official records from Michigan showing that Father previously had his parental rights to one child terminated. In the Michigan case, Father admitted that he also had his rights to another child terminated in Tennessee. The Department presented extensive testimony establishing that Father never saw A.J., did not provide financial support, had a history of substance abuse, and was often incarcerated. The Department's witnesses further testified that Father lacked the capacity to care for A.J., and that he failed to remedy the reasons for which his rights to his other children were terminated.

The trial court entered a final judgment terminating Father's parental rights to A.J. on the basis that he had rights to two other children terminated. The trial court's order included findings as to each statutory factor, discussed A.J.'s manifest best interests, and explained that termination was the least restrictive means of protecting A.J. from harm.

---

[1] In the interim, Mother entered a voluntary surrender of her parental rights.

2

Father appealed the order, raising only the argument that the trial court improperly failed to include a finding that reunification posed a substantial risk of harm to A.J.

"Where a trial court has found that there is clear and convincing evidence supporting a termination of parental rights, such findings enjoy a presumption of correctness and will not be overturned unless clearly erroneous and lacking evidentiary support." L.F. v. Dep't of Child. & Fams., 888 So. 2d 147, 148 (Fla. 5th DCA 2004) (citing C.C. v. Dep't of Child. & Fams., 886 So. 2d 244 (Fla. 5th DCA 2004)). "The evidence must be credible; the memories of the witnesses must be clear and without confusion; and the sum total of the evidence must be of sufficient weight to convince the trier of fact without hesitancy." N.L. v. Dep't of Child. & Fam. Servs., 843 So. 2d 996, 999 (Fla. 1st DCA 2003) (quoting In re Adoption of Baby E.A.W., 658 So. 2d 961, 967 (Fla. 1995)).

Section 39.806(1)(i), Florida Statutes (2017), provides that a trial court may terminate parental rights where "[t]he parental rights of the parent to a sibling of the child have been involuntarily terminated." In Florida Department Of Children & Families v. F.L., 880 So. 2d 602, 609 (Fla. 2004), the Florida Supreme Court explained that, to pass constitutional muster, the Department must also establish "that reunification would be a substantial risk to the child and that termination is the least restrictive way to protect the child." The court then set forth several factors for trial courts to consider when determining whether the parent's conduct poses a significant risk of harm to the child:

> Specifically, if the parent's conduct that led to the involuntary termination involved egregious abuse or neglect of another child, this will tend to indicate a greater risk of harm to the current child. The amount of time that has passed since the prior involuntary termination will also be relevant. A very recent involuntary termination will tend to indicate a greater current risk. Finally, evidence of any change in circumstances since the prior involuntary termination will obviously be

3

significant to a determination of risk to a current child. While a parent's past conduct necessarily has some predictive value as to that parent's likely future conduct, positive life changes can overcome a negative history.

Id. In other words, the Department must prove "that the parent suffers from a condition that makes probable the prospect of future abuse or neglect of a child and that the condition was one which was likely to continue." R.K. v. Dep't of Child. & Fams., 898 So. 2d 998, 1000 (Fla. 5th DCA 2005) (citing Dep't of Child. & Fams. v. B.B., 824 So. 2d 1000 (Fla. 5th DCA 2002)).

We find that, although the evidence presented at the hearing supports termination of Father's parental rights under section 39.806(1)(i), the trial court failed to include the required finding that "reunification would be a substantial risk to the child." See F.L., 890 So. 2d at 609. We disagree with Father's assertion that an outright reversal and remand for additional dependency proceedings is the correct disposition in this appeal. Rather, we affirm the trial court's finding that the evidence warranted termination of Father's parental rights but remand for the trial court to include findings concerning whether reunification poses a substantial risk of harm to A.J. See E.I. v. Dep't of Child. & Fams., 979 So. 2d 378, 379 (Fla. 4th DCA 2008) (affirming denial of motion for reunification but remanding for entry of statutorily compliant order); P.J. v. Dep't of Child. & Fams., 783 So. 2d 1148, 1149 (Fla. 5th DCA 2001) (vacating termination order and remanding "with instructions to enter a termination order which complies with the statute").

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

ORFINGER, WALLIS and LAMBERT, JJ., concur.

4