SCHWARTZ, Senior Judge.
 

 A dependent’s mother seeks review of an order terminating the Department of Children and Families’ supervision of her 10-year-old daughter. She complains about the aspect which granted her no visitation with the child whatsoever. Because this order is not appealable, we treat the proceeding as one which seeks certio-rari review, but deny relief. In contrast to
 
 A.L. v. Department of Children and Family Services,
 
 805 So.2d 1094 (Fla. 2d DCA 2002), and
 
 B.M. v. Department of Children and Families,
 
 981 So.2d 1229 (Fla. 4th DCA 2008), we find no abuse of discretion in the refusal to grant the mother any present visitation based on extensive expert and lay testimony that, because of severe physical abuse, the child is in fear of the mother and would suffer serious mental distress from any personal contact with her.
 

 We do, however, strike that part of the order
 
 [1]
 
 which appears to limit her ability to seek contact with the child in the future to the discretion of the custodial father. In fact, because her parental rights have not been terminated, and as the order otherwise states, she retains the unqualified ability to seek a modification or elimination of any restrictions under section 39.621(9), Florida Statutes (2008).
 
 [2]
 

 Certiorari denied; order amended.
 

 [1]
 

 . "If the Father later feels the child is ready for contact [with] the mother he may get the child therapy and request the court address such issue at such time."
 

 [2]
 

 . Section 39.621(9) provides:
 

 The permanency placement is intended to continue until the child reaches the age of majority and may not be disturbed absent a finding by the court that the circumstances of the permanency placement are no longer in the best interest of the child. If a parent who has not had his or her parental rights terminated makes a motion for reunification or increased contact with the child, the court shall hold a hearing to determine whether the dependency case should be reopened and whether there should be a modification of the order. At the hearing, the parent must demonstrate that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by the modification.