ON MOTION TO WITHDRAW
 

 GRIFFIN, J.
 

 In the various district courts of appeal, the question of what non-final orders are appealable in a dependency case has become something of a quagmire, even leading one court recently to question what is (and what is not) a final order in a dependency case.
 
 M.V.-B., a child v. Dep’t of Children & Family Servs.,
 
 19 So.3d 381 (Fla. 2d DCA 2009). It has become common for us to deal with this problem by saying that no non-final order in a dependency case is appealable; that such orders are reviewable only by certiorari. Amid all this uncertainty, there appears to be one category of non-final order in a dependency case that is reviewable by appeal, and the order appealed in this case is an example.
 

 This is an old dependency case. It was commenced in 2004 with a petition to shelter two children, V.L. and E.L., due to acts of domestic violence by both the Mother and the father of the children.
 
 [1]
 
 The children were temporarily placed with the maternal grandmother. In 2005, the children were adjudicated dependent and an order of disposition was entered. In 2006, a Long Term Relative Placement Plan was entered, placing the children in the custody of the maternal grandmother and terminating the supervision of the Department of Children and Families. Appointed counsel was accordingly discharged.
 

 Three years later, the Mother filed a motion for Custody of the Children, claiming that the previous placement was no longer in the best interests of the children and that she had substantially complied with her case plan. The trial court conducted an evidentiary hearing on the motion and denied the motion, leaving Mother’s visitation to be supervised by the maternal grandmother at her discretion. The Mother appealed this order.
 

 This Court, citing to
 
 Florida Department of Children and Families v. R.A.,
 
 980 So.2d 578 (Fla. 3d DCA 2008), one of the many authorities that say there is no review by appeal of non-final orders in dependency cases, issued an order to show cause why the appeal should not be dismissed. Counsel responded that the appeal should be treated as a Petition for Writ of Certiorari. However, counsel simultaneously filed a motion to withdraw, saying there was no meritorious issue raised. Given the dissonance between a petition for writ of certiorari, which is necessarily predicated on the notion of a material departure from the essential requirements of the law and the invocation of the procedure authorized in
 
 N.S.H. v. Department of Children and Families,
 
 843
 
 *1031
 
 So.2d 898 (Fla.2003), based on counsel’s conclusion that there was no meritorious issue he could ethically raise, we determined that certiorari could not lie and were poised to dismiss the petition. On further reflection, however, we have concluded that we do have jurisdiction to review the subject order by appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). Without wading into the debate about what is or is not a final order in a dependency case, it seems clear that the order of disposition in this case, rendered pursuant to section 39.521, Florida Statutes, is a final order, notwithstanding the court’s continuing jurisdiction to act on behalf of the child.
 

 Florida Rule of Appellate Procedure 9.130(a)(4) provides that non-final orders entered after final order on authorized motions are reviewable under rule 9.130. There are two categories of post-disposition orders that are expressly authorized in the Rules of Juvenile Procedure. Rule 8.345 authorizes the filing of a Motion for Modification of Placement and a Motion for Termination of Supervision or Jurisdiction. The order under review in this case fits the description of a motion for modification described in rule 8.345(a). Accordingly, we find that it is reviewable under rule 9.130. That being so, the
 
 N.S.H.
 
 procedure applies, counsel’s motion to withdraw is granted, and R.M. shall have thirty days within which she may serve a pro se initial brief as provided in Florida Rule of Appellate Procedure 9.130(e). An appendix will not be required because the court has received the record.
 

 ORFINGER and COHEN, JJ., concur.
 

 [1]
 

 . Subsequently, DNA testing confirmed that one of the two children had a different father and he was joined. Both fathers were incarcerated.