PER CURIAM.
In this child dependency case, Appellant, the Mother, seeks review of a non-final order denying her motion for reunification and placing the child in the custody of his father, as well as a partial final order terminating protective services supervision based on the child’s placement. We reverse and remand for further proceedings because, as the Department of Children and Families and the Guardian Ad Litem properly concede, the trial court erred in terminating protective services at a status hearing for which the Mother was not given notice that termination of services would be considered. See T.S. v. Guardian Ad Litem, 49 So.3d 341 (Fla. 4th DCA 2010).
In light of this disposition, we decline to address the merits of the order denying the Mother’s motion for reunification and placing the child with his father at this time. The Mother did not timely seek review of this order,[1] and although we could have reviewed the order as part of our review of the termination order,[2] we conclude that the better course in light of our reversal of the termination order is to defer review of the reunification order until the trial court enters an order fully disposing of the custody and visitations issues.
REVERSED and REMANDED for further proceedings.
WOLF, CLARK, and WETHERELL, JJ., concur.

. The order denying the Mother’s motion for reunification was reviewable by certiorari because, although the order finally resolved the issue of custody, it reserved jurisdiction to determine the interrelated issue of visitation. See S.P. v. Dep't of Children & Families, 17 So.3d 878, 879 (Fla. 1st DCA 2009) (treating appeal of non-final, post-dependency order denying father’s motion for reunification as a petition for certiorari); T.H. v. Dep’t of Children & Families, 736 So.2d 126, 128 (Fla. 1st DCA 1999) (Webster, J., dissenting). By contrast, orders on post-dependency motions that fully resolve the issues raised in the motion are generally reviewable under Florida Rule of Appellate Procedure 9.130(a)(4). See D.T. v. Dep’t of Children & Families, 54 So.3d 632 (Fla. 1st DCA 2011) (affirming order denying motion for reunification); R.M. v. Dep’t of Children & Families, 19 So.3d 1029 (Fla. 5th DCA 2009) (finding jurisdiction to review post-disposition dependency order pursuant to rule 9.130(a)(4), and rejecting the argument that there is never any review by appeal of non-final orders in dependency cases); A.B. v. Dep’t of Children & Families, 834 So.2d 350 (Fla. 4th DCA 2003) (reviewing, pursuant to rule 9.130(a)(4), dependency order directing no contact between the mother and dependent child). But see In re M.V.-B, 19 So.3d 381, 385 (Fla. 2d DCA 2009) (noting that dependency proceedings conclude by an order terminating supervision or jurisdiction, and holding that "orders entered in dependency proceedings after the entry of the order adjudicating dependency and before an order terminating supervision or jurisdiction are not appealable pursuant to 9.130(a)(4)” but such orders may be challenged by common law certiorari when appropriate). In either event, review must be sought within 30 days after rendition of the order. See Fla. R.App. P. 9.100(c), 9.130(b).

. See Fla. R.App. P. 9.110(h); Duncan v. Pullum, 198 So.2d 658, 661 (Fla. 2d DCA 1967) (explaining that an interlocutory order is reviewable in an appeal of a partial final order if the interlocutory order was a necessary step towards or an aspect of the partial final order).