IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

W. W. FATHER OF N. S., a child,

     Petitioner,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-0369

GUARDIAN AD LITEM
PROGRAM and DEPARTMENT
OF CHILDREN AND FAMILIES,

     Respondents.

_____/

Opinion filed March 23, 2015.

Petition for Writ of Certiorari -- Original Jurisdiction.

Randi E. Dincher, Gainesville, for Petitioner.

Kelley Schaeffer, Guardian ad Litem Program, Sanford; Ward L. Metzger, Florida Department of Children and Families, Jacksonville.

PER CURIAM.

ORDER ON JURISDICTION

     W.W. seeks review of an Order denying W.W.'s motion to reinstate supervised visitation and his motion to declare section 39.0139, Florida Statutes, unconstitutional, by petition for writ of certiorari. Having determined that review of this post-dependency final order is properly by appeal rather than by petition for writ of

certiorari, we treat the petition as having invoked our appellate jurisdiction pursuant to Florida Rule of Appellate Procedure 9.110(a)(1).

This Court, along with the Fifth and Fourth Districts, has recognized that an order entered on a post-dependency motion seeking authorized relief that fully resolves the issues raised in the motion is generally reviewed by appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(4). See J. S. v. Fla. Dep't of Children & Families, 75 So. 3d 808, 809 n.1 (Fla. 1st DCA 2011); D. T. v. Dep't of Children & Families, 54 So. 3d 632, 633 (Fla. 1st DCA 2011) (affirming order denying motion for reunification); see also R. M. v. Dep't of Children & Families, 19 So. 3d 1029, 1031 (Fla. 5th DCA 2009) (finding jurisdiction to review post-disposition dependency order pursuant to rule 9.130(a)(4), and rejecting the argument that there is never any review by appeal of non-final orders in dependency cases); A. B. v. Dep't of Children & Families, 834 So. 2d 350, 351 (Fla. 4th DCA 2003) (reviewing, pursuant to rule 9.130(a)(4), dependency order directing no contact between the mother and dependent child).

Recent amendment to rule 9.130(a)(4), however, requires us to revisit the question of our jurisdiction to review such orders. As of January 1, 2015, rule 9.130(a)(4) was amended to remove the phrase "orders entered after final order on authorized motion." See In re Amendments to Florida Rules of Appellate Procedure, 2014 WL 5714099, *7 (Fla. Nov. 6, 2014). The accompanying Committee Notes

provide that the "deletion clarifies that non-final orders entered after a final order are no more or less reviewable than the same type of order would be if issued before a final order," and indicate that the amendment is intended to resolve conflicting approaches to review that have arisen as a result of the stricken language. This view is consistent with the view expressed by the Florida Supreme Court in <u>Clearwater Federal Savings & Loan Association v. Sampson</u>, 336 So. 2d 78, 79 (Fla. 1976), which provides for appeal of post-judgment orders noting that many post-judgment orders are not really non-final in the same way as interlocutory orders. A post-dependency order on an authorized motion that fully resolves the issues raised by the motion is final in nature, and is therefore reviewable as a final order.

In light of this recent amendment to rule 9.130(a)(4), we conclude that henceforth, orders entered on post-dependency motions seeking authorized relief that fully resolve the issues raised in the motions shall be reviewed as final orders pursuant to Florida Rule of Appellate Procedure 9.110(a)(1).

LEWIS, C. J., MARSTILLER and OSTERHAUS, JJ., CONCUR.