# Third District Court of Appeal

## State of Florida

Opinion filed July 1, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2372
Lower Tribunal No. 04-15864
_____

**M.M., the father,**
Petitioner,

vs.

**Department of Children and Family Services,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region of Florida, and Kevin Coyle Colbert and Cathi Gordon Graham, Assistant Regional Counsel, for petitioner.

Karla Perkins, Appellate Counsel for Department of Children and Families, respondent.

Before SUAREZ, C.J., and SHEPHERD and LOGUE, JJ.

SHEPHERD, J.

M. M., the father of the two dependent children in this case, seeks review of an order terminating the Department of Children and Families' supervision of the children on the basis that the children have achieved permanency with the mother.[1] We deny the petition insofar as it seeks to quash that portion of the trial court order terminating departmental supervision of the children. We grant the petition to the extent that the order limits the father's ability to seek contact with his children in the future.

On the first point, the father argues the order denied him due process because departmental supervision was terminated without a motion. The father is incorrect. Florida Rule of Juvenile Procedure 8.345(b) states, "[A]ny party can request termination of agency supervision or the jurisdiction of the court by a written motion **or in a written report to the court**." (emphasis added). In this case, the Department requested termination of supervision in the Judicial Review and Social Study Report filed with the court. The father's attorney acknowledged

_____

[1]There appears to be a conflict among the districts regarding the proper method for reviewing certain orders in dependency proceedings. See J.S. v. Fla. Dep't of Children & Families, 75 So. 3d 808 (Fla. 1st DCA 2011); S.P. v. Fla. Dep't of Children & Families, 17 So. 3d 878 (Fla. 1st DCA 2009); R.M. v. Dep't of Children & Families, 19 So. 3d 1029 (Fla. 5th DCA 2009); M.V.-B v. Dep't of Children & Family Servs., 19 So. 3d 381 (Fla. 2d DCA 2009); F.E. v. Dep't of Children & Families, 1 So. 3d 305 (Fla. 3d DCA 2009). Because an order terminating supervision does not necessarily end a dependency proceeding, see §§ 39.521, 39.621, Fla. Stat. (2014); Fla R. Juv. P. 8.345, and based on this court's conclusion in F.E. that such an order is not appealable, we treat the father's notice of appeal and initial brief as a petition for writ of certiorari.

receiving this report prior to the Judicial Review Hearing and never challenged the request for termination of supervision below. Thus, there is no departure from the essential requirements of law on this point.

On the second point, we reach a different result. It is axiomatic in dependency proceedings that "[t]he courts are charged with the duty of ensuring the best interests of the children are advanced." B.Y. v. Dep't of Children & Families, 887 So. 2d 1253, 1256 (Fla. 2004). It follows, a fortiori, that a trial court has discretion to restrict and even terminate a parent's visitation rights when it is necessary to protect the welfare and best interest of the child. See F.E., 1 So. 3d at 305. In this case, the dependency court denied the father visitation rights with his children at this time based upon expert testimony and reports which revealed that the children are in fear of the father and would suffer serious mental distress from any present contact with him. There is ample evidence in the record to support this decision.

We do agree with the father however, that the trial court departed from the essential requirements of law by restricting decisions concerning his future contact with his children solely to their discretion. Section 39.621(9) of the Florida Statutes affords the father the unqualified ability to return to the dependency court to seek modification or elimination of any court ordered restrictions on the father's visitation rights. F.E., 1 So. 3d at 306. Although the wishes of the children in this

case, who are at or near their teenage years, may, as a practical matter, impact the father's future contacts and relationship with them, the dependency court has a non-delegable duty to consider any motion for modification or for increased contact filed by the father in the future.  Id.; see also §39.621, Fla. Stat. (2014) ("If a parent who has not had his or her parental rights terminated makes a motion for reunification or increased contact with the child, the court shall hold a hearing . . . .").  Accordingly, we quash the order of the trial court insofar as it limits the father's ability to seek future contacts solely to the discretion of the children.

Petition granted in part, denied in part.