# Supreme Court of Florida

_____

No. SC15-1544
_____

**M.M., etc.,**
Petitioner,

vs.

**FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, et al.,**
Respondents.

[April 14, 2016]

LEWIS, J.

M.M., the Father in this case, seeks review of the decision of the Third

District Court of Appeal in M.M. v. Department of Children & Family Services,

170 So. 3d 840 (Fla. 3d DCA 2015), on the ground that it expressly and directly

conflicts with a decision of the First District in W.W. v. Guardian Ad Litem

Program, 159 So. 3d 999 (Fla. 1st DCA 2015), on a question of law.  The issue

before us today is whether a post-dependency order that is subject to future

modification for purposes of child welfare and parental visitation is reviewable as a

final order by appeal, as an interlocutory order reviewable by appeal, or as a non-

final order reviewable by certiorari.  We have jurisdiction.  <u>See</u> art. V, § 3(b)(3), Fla. Const.

FACTUAL & PROCEDURAL BACKGROUND

<u>Family History with DCF</u>

The children's history with Respondent Department of Children & Families (DCF) began in 2004, when three reports of abuse were filed.  Specifically, it was reported to DCF that the children, A.M. (then four years old) and L.M. (then one year old), were found alone in a very hot and humid house with a knife readily accessible.  The children were temporarily placed in a shelter, but ultimately the case was dismissed and the children were returned to the custody of their parents.

In October 2013, the children were placed in shelter care by DCF after a report that A.M. was beaten fifteen times with a belt by her Mother, was told by her Mother that A.M. should kill herself, and was not fed for one night.  In addition, L.M. disclosed that she saw her Father, M.M., grab her older sister A.M. by the mouth and push her head against a wall.  The Father also kicked, punched, and slapped A.M. in the presence of L.M.  A.M. confirmed that she had bruises caused by the Father.  The children were subsequently placed in the care of a family friend, and found dependent as to their Father.  Both parents were assigned case plans by DCF.

After the Mother completed the therapy and parenting classes prescribed in her case plan, the children were reunified with her. However, the children repeatedly refused to participate in visits with the Father, who had still failed to comply with the case plan or pay child support.

Trial Court Order

In August 2014, a trial court in Miami-Dade County issued an order that terminated supervision by DCF and limited the ability of the Father to seek future visitation to the discretion of the children. The trial court noted the facts that the Mother had completed her post-adjudicatory case plan, while the Father had not completed his plan and had not paid child support. Further, the court considered that the children had repeatedly refused visits with their Father notwithstanding therapist intervention. The court expressly retained jurisdiction for the purpose of making further orders for the welfare of the children.

District Court Proceedings

The Father sought review of the trial court's order by the Third District Court of Appeal. M.M., 170 So. 3d at 841. The Father alleged that the trial court denied him due process by terminating DCF supervision without a motion and departed from the essential requirements of the law when it limited his future contact with his children to the sole discretion of the children. The Third District denied the due process claim, reasoning that the Father was provided with notice

through the submission of a Judicial Review Social Study Report pursuant to Florida Rule of Juvenile Procedure 8.345(b). The district court, however, granted his second claim and thus quashed the trial court's order to the extent that it limited the Father's contact with the children to the children's sole discretion.

The Third District recognized that there was a conflict among the district courts regarding the process by which orders in dependency proceedings are reviewed. Id. at 841 n.1 (citing J.S. v. Fla. Dep't of Children & Families, 75 So. 3d 808 (Fla. 1st DCA 2011); S.P. v. Fla. Dep't of Children & Families, 17 So. 3d 878 (Fla. 1st DCA 2009); R.M. v. Dep't of Children & Families, 19 So. 3d 1029 (Fla. 5th DCA 2009); M.V.-B. v. Dep't of Children & Family Servs., 19 So. 3d 381 (Fla. 2d DCA 2009); F.E. v. Dep't of Children & Families, 1 So. 3d 305 (Fla. 3d DCA 2009)). In F.E., the Third District concluded that an order terminating supervision is not appealable because such orders do not necessarily conclude dependency proceedings. Id. (citing §§ 39.521, 39.621, Fla. Stat. (2014); Fla. R. Juv. P. 8.345; F.E., 1 So. 3d 305). Therefore, the Third District followed its precedent and treated the Father's appeal as a petition for writ of certiorari. Id.

This review follows.

ANALYSIS

This question presents a pure question of law and is, therefore, subject to de novo review. See Jackson-Shaw Co. v. Jacksonville Aviation Auth., 8 So. 3d

- 4 -

1076, 1084-85 (Fla. 2008).  This Court accepted jurisdiction to resolve the express and direct conflict between the instant case and W.W..  In the case below, the Third District treated a petition to review an order to terminate DCF supervision as a petition for a writ of certiorari.  In contrast, the First District in W.W. reviewed an order denying a motion to reinstate supervised visitation as a final order on appeal.  Because both decisions concern the procedure regarding post-dependency judgment orders that are subject to future modification for purposes of child welfare and parental visitation, we conclude that conflict exists between the Third District's treatment of such orders and that of the First District.  To resolve this conflict, we must determine the proper standard of review for these post-dependency orders that anticipate future modification.[1]  Based on the plain wording of the relevant rule, the fluid nature of child dependency proceedings, and pertinent statutory law, we conclude that both the legally required and the common sense approach to such post-dependency orders is review by certiorari.

An appeal from a final order is appropriate when judicial labor has ended. S. L. T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974) ("Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in

---

1. We do not address the underlying merits of the claims that were presented to the Third District.

the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.").  These final orders are reviewable under Florida Rule of Appellate Procedure 9.110 ("Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-jury Cases").

In addition to the final orders appealable under rule 9.110, rule 9.130 permits review by appeal of certain interlocutory orders.  If the non-final order is not listed under rule 9.130, the review must come by certiorari.  Keck v. Eminisor, 104 So. 3d 359, 363-64 (Fla. 2012) ("Generally, an appellate court may not review interlocutory orders unless the order falls within the ambit of non-final orders appealable to a district court as set forth in Florida Rule of Appellate Procedure 9.130.  In addition, under very narrow circumstances, a party may petition for certiorari to seek review of a non-final order not otherwise appealable . . . ."); Cotton States Mut. Ins. v. D'Alto, 879 So. 2d 67, 69 (Fla. 1st DCA 2004) ("Jurisdiction to hear an appeal from a nonfinal order is limited to the kinds of orders referred to in rule 9.130 of the Florida Rules of Appellate Procedure."); see also Bergh v. Stephens, 175 So. 2d 787, 790 (Fla. 1st DCA 1965) (explaining expressio unius est exclusio alterius, the principle of statutory construction that provides that the mention of one thing in a statute implies the exclusion of another).

The difference between certiorari review and appellate review is important, as the standard of review available when a district court considers a matter by common law certiorari is much higher than when a court reviews a matter as an appeal. See, e.g., R.M., 19 So. 3d at 1030-31 (noting the dissonance between certiorari review and review of final appealable orders in the context of dependency matters). An appeal is a matter of right, whereas the common law writ of certiorari is an instrument that allows a superior court to direct a lower tribunal to inform it of the events below in a pending case so that the superior court can review the proceedings for regularity. See Broward Cty. v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 842 (Fla. 2001). Further, "[t]he [common law] writ functions as a safety net and gives the upper court the prerogative to reach down and halt a miscarriage of justice where no other remedy exists." Id. This discretionary common law writ is not intended to redress mere legal error, but rather to fill the gaps between direct appeal and other prerogative writs. Id. This Court has emphasized that the common law writ functions as an extraordinary remedy, not as a second appeal. Id. When petitioning for certiorari to seek review of a non-final order, the petitioner must establish three elements: "(1) the order 'depart[s] from the essential requirements of the law,' and (2) 'result[s] in material injury for the remainder of the case (3) that cannot be corrected on post-judgment appeal.' "

Keck, 104 So. 3d at 364 (quoting Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011)).

The First District and the Father in the case below are of the view that in light of a 2014 amendment to rule 9.130(a)(4), the post-dependency order was to be treated as an appeal, not a petition for writ of certiorari. Specifically, the W.W. Court reasoned that because the First, Fourth, and Fifth Districts have recognized that "an order entered on a post-dependency motion seeking authorized relief that fully resolves the issues raised in the motion is generally reviewed by appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(4)," the 2014 amendment now renders these kinds of post-dependency motions appealable directly under rule 9.110. W.W., 159 So. 3d at 1000. We disagree. To clear up this confusion, it is helpful to review the rule as it appeared both prior to and after the amendment.

Prior to 2014, rule 9.130(a)(4) read:

>    (4) Nonfinal orders entered after final order on motions that suspend rendition are not reviewable; provided that orders granting motions for new trial and non-jury cases are reviewable by the method prescribed in rule 9.110. <u>Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.</u>

Fla. R. App. P. 9.130(a)(4) (2013). However, in its 2014 amendment, the committee deleted the second sentence. Rule 9.130(a)(4) <u>now</u> reads:

>    (4) Orders disposing of motions that suspend rendition are not reviewable separately from a review of the final order; provided that

- 8 -

orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110.

Fla. R. App. P. 9.130(a)(4). In its 2014 Amendment Notes regarding the deletion of the sentence, the committee explained:

> Its deletion clarifies that non-final orders entered after a final order are no more or less reviewable than the same type of order would be if issued before a final order. Non-final orders entered after a final order remain reviewable as part of a subsequent final order or as otherwise provided by statute or court rule. This amendment resolves conflict over the language being stricken and the different approaches to review during post-decretal proceedings that have resulted.

Fla. R. App. P. 9.130 Committee Notes (2014).

The First District in W.W. and the Father in the case below apparently interpret this amendment to mean that post-judgment orders that have historically been appealable under the deleted sentence of rule 9.130(a)(4), including post-dependency judgments, are now appealable as final orders under rule 9.110. This interpretation, however, is flawed. First, post-dependency orders have not consistently been reviewed by appeal under rule 9.130(a)(4). See, e.g., J.S., 75 So. 3d at 809 n.1 (First District reasoning that "[t]he order denying the Mother's motion for reunification was reviewable by certiorari because, although the order finally resolved the issue of custody, it reserved jurisdiction to determine the interrelated issue of visitation," and thus illustrating that prior to the 2014 amendment to rule 9.130(a)(4), the First District reviewed such orders by certiorari); F.E., 1 So. 3d at 306 (Third District treating an order terminating

- 9 -

Departmental supervision as a non-final order reviewable by certiorari); M.V.-B., 19 So. 3d at 385 (Second District explaining that "Dependency proceedings are actually concluded by an order terminating supervision or jurisdiction. . . . Accordingly, we hold that the orders entered in dependency proceedings after the entry of the order adjudicating dependency and before an order terminating supervision or jurisdiction are not appealable pursuant to 9.130(a)(4). When appropriate, such orders may be challenged by common law certiorari.") (emphasis supplied) (citations omitted); In re A.W.P., Jr., 10 So. 3d 134, 135-36 (Fla. 2d DCA 2009) (treating an appeal from an order entered after dependency adjudication as petition for writ of certiorari). But see B.M. v. Dep't of Children & Families, 981 So. 2d 1229, 1230 (Fla. 4th DCA 2008) (treating termination of departmental supervision order as a final, appealable order); R.M., 19 So. 3d at 1031 (Fifth District reviewing a post-disposition dependency order as appealable pursuant to rule 9.130(a)(4)).

Second, the committee removed in part, post-judgment orders from the rule. It does not follow that the removal of these orders from the rule automatically qualifies them as appealable final orders under rule 9.110. As previously explained, non-final orders that are not listed as appealable interlocutory orders under rule 9.130 must be reviewed by certiorari. Keck, 104 So. 3d at 363-64. Notably, rule 9.130(a)(3) does not list post-dependency orders as

non-final orders reviewable by interlocutory appeal.[2] While rule

9.130(a)(3)(C)(iii) does include "family law matters," this Court has held that

---

2. Specifically, rule 9.130(a)(3) enumerates the following non-final orders as appealable to the district courts:

> (3) Appeals to the district courts of appeal of non-final orders are limited to those that
> (A) concern venue;
> (B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
> (C) determine
> (i) the jurisdiction of the person;
> (ii) the right to immediate possession of property, including but not limited to orders that grant, modify, dissolve or refuse to grant, modify, or dissolve writs of replevin, garnishment, or attachment;
> (iii) in family law matters:
> a. the right to immediate monetary relief;
> b. the rights or obligations of a party regarding child custody or time-sharing under a parenting plan; or
> c. that a marital agreement is invalid in its entirety;
> (iv) the entitlement of a party to arbitration, or to an appraisal under an insurance policy;
> (v) that, as a matter of law, a party is not entitled to workers' compensation immunity;
> (vi) whether to certify a class;
> (vii) that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law;
> (viii) that a governmental entity has taken action that has inordinately burdened real property within the meaning of section 70.001(6)(a), Florida Statutes;
> (ix) the issue of forum non conveniens;
> (x) that, as a matter of law, a party is not entitled to immunity under section 768.28(9), Florida Statutes; or

"child dependency proceedings under chapter 39 do not fall within Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)." Dep't of Health & Rehab. Servs. v. Honeycutt, 609 So. 2d 596, 597 (Fla. 1992). Moreover, this Court has reasoned that district courts reviewing child dependency proceedings already have the ability to review "egregious cases" by certiorari. Id. Therefore, because post-dependency orders are not listed under rule 9.130, they cannot be reviewed as appealable interlocutory orders. It follows that such an order may only be reviewable by appeal if it is final.

The retention of jurisdiction over a matter, notwithstanding the issuance of an order, suggests judicial labor is not over. Here, the trial court expressly retained jurisdiction for the purpose of future modification as necessary for the general welfare of the children. Although there appears to be confusion among the district courts as to whether these kinds of orders are final, we agree with those district courts that conclude that an order retaining jurisdiction for the purpose of future modification is not final. See, e.g., J.S., 75 So. 3d at 809 n.1; M.V.-B., 19 So. 3d at 385; A.W.P., Jr., 10 So. 3d at 135; F.E., 1 So. 3d at 306. Especially in cases

---

(xi)  that, as a matter of law, a party is not entitled to sovereign immunity.
(D)  grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.

Fla. R. App. P. 9.130.

involving child dependency, it is crucial to adopt a standard of review that will be less likely to disrupt the process for the children involved. The fluid nature of certiorari review renders it more adapted to problems with post-judgment than appellate review. Rather than attempting to force a non-final, post-dependency order neatly into an appeal, we determine that the more logical approach is to review these non-final orders by certiorari.

The reasoning that retention of jurisdiction for the purpose of modification does not constitute an end to judicial labor is also consistent with other areas of civil law. See, e.g., Wilson v. Wilson, 906 So. 2d 356, 357 (Fla. 1st DCA 2005) (order dissolving marriage but retaining jurisdiction over issues such as child support, child custody, alimony, or property issues is not final); Shaw v. Fla. Steel Corp., 794 So. 2d 708, 708 (Fla. 1st DCA 2001) (in a worker's compensation case, a reservation of jurisdiction to order payment rendered the order non-final and nonappealable); Sunny Pines Convalescent Ctr. v. Walters, 422 So. 2d 1079, 1079 (Fla. 1st DCA 1982) (in the context of an employer/carrier appeal of an award of temporary total disability benefits, an order was non-final and non-appealable because the court had retained jurisdiction to determine attorney's fees); Fla. Farm Bureau Cas. Ins. Co. v. Fichera, 385 So. 2d 183, 184 (Fla. 4th DCA 1980) (order finding that appellee was entitled to attorney's fees and retaining jurisdiction to determine amount at a later date was not a final judgment subject to plenary

appeal, nor a non-final order subject to interlocutory appeal under rule 9.130(a)(3)).

Further, the treatment of post-dependency orders as non-final because of the possibility of future modification is compatible with section 39.621(9), Florida Statutes. Specifically, section 39.621(9) provides that the court shall hold a hearing to determine whether modification of an order is appropriate if a parent whose parental rights have not been terminated submits a motion for reunification or increased contact with the child. § 39.621(9), Fla. Stat. (2015). Given that the Father's parental rights have not been terminated, nothing prohibits him from moving to modify the order to increase visitation. Indeed, the statute actually affords him the right to do so. Therefore, this order did not fully resolve the issues in the case.

In sum, the plain wording of the rule combined with the lack of finality inherent to these orders renders certiorari the correct legal and more appropriate mechanism for review to ensure as little disruption in the process for children as possible. Accordingly, we hold that a post-dependency order that is subject to future modification for purposes of child welfare and parental visitation is a non-final order reviewable by certiorari. We thus affirm the decision below and disapprove the First District's decision in W.W. to the extent that it conflicts with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

CANADY, J., dissenting.

Because the parties are seeking a purely advisory opinion—an opinion that has no bearing on the disposition of this case—I would dismiss this proceeding. "It is the function of a judicial tribunal to decide actual controversies by a judgment which can be carried into effect, and not . . . to declare principles or rules of law which cannot affect the matter in issue." Montgomery v. Dep't of Health & Rehab. Servs., 468 So. 2d 1014, 1016-17 (Fla. 1st DCA 1985).

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

    Third District - Case No. 3D14-2372

    (Miami-Dade County)

Eugene Francis Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Miami, Florida,

    for Petitioner

Karla F. Perkins, Appellate Counsel, Florida Department of Children and Families, Miami, Florida, and Rosemarie Elizabeth Farrell, Appellate Counsel, Florida Department of Children and Families, Orlando, Florida,

    for Respondent Florida Department of Children and Families