# Third District Court of Appeal

## State of Florida

Opinion filed November 23, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-1510 & 3D16-1509
Lower Tribunal No. 07-15782

_____

**B.G., the mother  and C.C., the father,**
Appellants,

vs.

**Department of Children and Families,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Thomas J. Butler; Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for appellants.

Karla Perkins, for appellee.

Before SUAREZ, C.J., and EMAS and SCALES, JJ.

EMAS, J.

**INTRODUCTION**

B.G., the mother, and C.C., the father, each appeal a post-dependency order granting permanent guardianship as to their child, C.N.C. We treat these consolidated appeals as petitions for writ of certiorari, see M.M. v. Fla. Dep't of Children & Families, 189 So. 3d 134 (Fla. 2016),[1] and deny both petitions.

**BACKGROUND**

C.N.C. was initially sheltered from his parents when he was two days old because the mother tested positive for drugs when she gave birth to him. Following compliance with their case plans, DCF supervision was terminated and the parents were given custody of C.N.C. However, shortly thereafter, the mother made arrangements with Guillermina Miranda, a woman the mother had met at the Children's Home Society. Pursuant to those arrangements, Ms. Miranda was to take care of C.N.C. during the week because the mother did not have transportation to take the child to and from daycare/school and because, as the mother described it, she and the father argued a lot. Ms. Miranda and her husband, Diego

_____

[1] In M.M. v. Fla. Dep't of Children & Families, 189 So. 3d 134 (Fla. 2016), the Florida Supreme Court observed that "[e]specially in cases involving child dependency, it is crucial to adopt a standard of review that will be less likely to disrupt the process for the children involved. The fluid nature of certiorari review renders it more adapted to problems with post-judgment than appellate review." Id. at 137. The Court in M.M. held that "a post-dependency order that is subject to future modification for purposes of child welfare and parental visitation is a non-final order reviewable by certiorari." Id. at 141.

Miranda—who were not related in any way to C.N.C.—have taken care of C.N.C. during the week, including weeknights, since he was a baby, with no financial support from either parent. This arrangement has continued for nearly nine years. Under this arrangement with the Mirandas, the mother would take C.N.C. on the weekends, and the father would sometimes visit the child at that time.[2]

On September 24, 2014, when C.N.C. was seven years old, he was again sheltered from his parents based on allegations of domestic violence and abandonment. The parents consented to the dependency petition, and case plans were provided for both. C.N.C. was placed in the custody of the Mirandas, and the original goal was for reunification with his parents, with the completion of their case plans. The case plan was later modified and on October 28, 2015, DCF filed a third case plan, changing the goal from reunification to permanent guardianship due to the parents' failure to substantially comply with their case plans for more than a year.

The trial court conducted an evidentiary hearing, and thereafter entered its order granting permanent guardianship of C.N.C. to the Mirandas. The mother and

---

[2] The mother and father no longer live together. The mother lives with her sister, who already has custody of the mother's older child, and the case manager testified the sleeping arrangements there were not adequate for C.N.C. The case manager also testified that the father lives in a home with undocumented immigrants and that the father's home fails to provide adequate sleeping arrangements as well.

the father both appealed to this court, and the cases were consolidated for all purposes on September 22, 2016.

**ANALYSIS**

Section 39.6221, Florida Statutes (2016), entitled "Permanent guardianship of a dependent child," provides, in pertinent part:

(1) If a court determines that reunification or adoption is not in the best interest of the child, the court may place the child in a permanent guardianship with a relative or other adult approved by the court if all of the following conditions are met:
(a) The child has been in the placement for not less than the preceding 6 months.
(b) The permanent guardian is suitable and able to provide a safe and permanent home for the child.
(c) The court determines that the child and the relative or other adult are not likely to need supervision or services of the department to ensure the stability of the permanent guardianship.
(d) The permanent guardian has made a commitment to provide for the child until the child reaches the age of majority and to prepare the child for adulthood and independence.
(e) The permanent guardian agrees to give notice of any change in his or her residential address or the residence of the child by filing a written document in the dependency file of the child with the clerk of the court.

(2) In its written order establishing a permanent guardianship, the court shall:
(a) List the circumstances or reasons why the child's parents are not fit to care for the child and why reunification is not possible by referring to specific findings of fact made in its order adjudicating the child dependent or by making separate findings of fact;
(b) State the reasons why a permanent guardianship is being established instead of adoption;

4

(c) Specify the frequency and nature of visitation or contact between the child and his or her parents;

(d) Specify the frequency and nature of visitation or contact between the child and his or her grandparents, under s. 39.509;

(e) Specify the frequency and nature of visitation or contact between the child and his or her siblings; and

(f) Require that the permanent guardian not return the child to the physical care and custody of the person from whom the child was removed without the approval of the court.

. . .

(5) The court shall retain jurisdiction over the case and the child shall remain in the custody of the permanent guardian unless the order creating the permanent guardianship is modified by the court. The court shall discontinue regular review hearings and relieve the department of the responsibility for supervising the placement of the child. Notwithstanding the retention of jurisdiction, the placement shall be considered permanency for the child.

(6) Placement of a child in a permanent guardianship does not terminate the parent-child relationship, including:

(a) The right of the child to inherit from his or her parents;

(b) The parents' right to consent to the child's adoption; and

(c) The parents' responsibility to provide financial, medical, and other support for the child as ordered by the court.

Upon our review of the record, and particularly the transcript of the proceedings below and the trial court's thorough and detailed order, we conclude that petitioners have failed to establish that the trial court departed from the essential requirements of the law in granting a permanent guardianship for C.N.C. As the Florida Supreme Court has made clear, "the departure from the essential requirements of the law necessary for the issuance of a writ of certiorari is

5

something more than a simple legal error. A district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003). The court's order granting permanent guardianship clearly delineates and substantively addresses each of the statutory prerequisites for granting a permanent guardianship under these circumstances, a fact which the parents do not challenge. Rather, they contest the court's findings regarding whether they provided adequate living arrangements for C.N.C., whether they have substantially complied with their case plans, and whether permanent guardianship was, in fact, in C.N.C.'s best interest. Even if meritorious, these points fail to establish that the trial court departed from the essential requirements of the law. Moreover, there was competent substantial evidence in the record to support the trial court's order granting permanent guardianship; there is therefore no basis to reverse the order. Accordingly, we deny both petitions.

Petitions denied.