NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


In the Interest of T.C., J.A., and I.E.,   )
children.   )
  )
_____ )
  )
A.R.,   )
  )
    Petitioner,   )
  )
v.   )    Case No. 2D17-2815
  )
DEPARTMENT OF CHILDREN AND   )
FAMILIES and GUARDIAN AD LITEM   )
PROGRAM,   )
  )
    Respondents.   )
_____ )

Opinion filed March 16, 2018.

Petition for Writ of Certiorari to the Circuit
Court for Charlotte County; Leigh Frizzell
Hayes, Judge.

Kathryn E. Pugh, Fort Myers, for Petitioner.

Meredith K. Hall, Appellate Counsel
Children's Legal Services, Bradenton, for
Respondent Department of Children and
Families.

Sara Goldfarb, Sanford, for Respondent
Guardian ad Litem Program.

PER CURIAM.

A.R. seeks certiorari review of the trial court's order in this dependency proceeding that placed two of her children, I.E. and T.C., in a permanent guardianship with their paternal grandparents and gave the father permanent custody of J.A., with the intent to terminate the Department of Children and Families' (the Department) jurisdiction and supervision. We have jurisdiction. See M.M. v. Fla. Dep't of Children & Families, 189 So. 3d 134, 141 (Fla. 2016). We grant the petition and quash the order because it departs from the essential requirements of the law causing irreparable injury to A.R. that cannot be remedied on appeal. Id. at 138 (quoting Keck v. Eminsor, 104 So. 3d 359, 364 (Fla. 2012)).

The Department's case plan sought to change the permanency goals from reunification to permanent guardianships for two children and to permanent custody of J.A. to his father. That case plan was filed less than twenty-four hours prior to the judicial review hearing. A.R. was not informed prior to the judicial review that the Department and the Guardian ad Litem Program would seek to change the permanency goals. There is no indication that A.R. was notified that an evidentiary hearing would be conducted at the judicial review.

Not only did this failure run afoul of the statutory requirements, it also denied A.R. procedural due process to present witnesses and cross-examine the Department's and the Guardian ad Litem Program's witnesses. See, e.g., § 39.6011(7), Fla. Stat. (2016) ("The case plan must be filed with the court and copies provided to all parties . . . not less than 3 business days before the disposition hearing."); § 39.602(4)(a) (requiring that the parent must be provided with the Department's case

plan at least seventy-two hours before the hearing on court's approval); § 39.621(3)(a) ("At least 3 business days before the permanency hearing, the [D]epartment shall file its judicial review social services report with the court and serve copies of the report on all parties"); § 39.701(2)(b)(1) (requiring that the parent "must be served" the Department's and the Guardian ad Litem Program's written reports seventy-two hours before the judicial review hearing); see also J.B. v. Dep't of Children & Family Servs., 130 So. 3d 753, 754-57 (Fla. 2d DCA 2014) (reversing order of permanent guardianship where the day before the hearing, the Department apparently abandoned the goal of reunification and decided to seek a permanent guardianship, but did not file anything before the hearing to put the trial court or the father on notice, and the hearing was noticed as a judicial review, not a permanency hearing); P.P. v. Dep't of Children & Family Servs., 86 So. 3d 556, 559-60 (Fla. 2d DCA 2012) (reversing order of permanent guardianship where the Department did not properly notify the mother that the hearing was a permanent guardianship hearing and the mother was not afforded an opportunity to present evidence at the evidentiary hearing prior to the child's placement in permanent guardianship); cf. A.S. v. Dep't of Children & Family Servs., 113 So. 3d 77, 80 (Fla. 2d DCA 2013) (holding that if the Department seeks to terminate jurisdiction and supervision, "procedural due process requires the court to hold an evidentiary hearing to determine whether allowing the case to remain pending while [the offending parent] completes her case plan would be detrimental to the child's interest, and if so, whether a preponderance of the evidence supports changing the goal of her case plan").  The legislature clearly intends for these statutory requirements to be mandatory, not directory.  See DeGregorio v. Balkwill, 853 So. 2d 371, 374 (Fla. 2003) ("Generally,

where the word 'shall' refers to some required action preceding a possible deprivation of a substantive right, the word is given its literal meaning." (quoting Stanford v. State, 706 So. 2d 900, 902 (Fla. 1st DCA 1998))); Estate of Johnson ex rel. Johnson v. Badger Acquisition of Tampa, LLC, 983 So. 2d 1175, 1181 n.3 (Fla. 2d DCA 2008) ("When interpreting a statute, 'shall' is generally read as being mandatory while 'may' suggests a permissive term.").

Petition granted and order quashed.


CASANUEVA, VILLANTI, and MORRIS, JJ., Concur.