# Supreme Court of Florida

_____

No. SC18-2011

_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE 9.130 AND 9.200.**

January 30, 2020

PER CURIAM.

The Court has for consideration an out-of-cycle report proposing amendments to Florida Rules of Appellate Procedure 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders) and 9.200 (The Record) filed by The Florida Bar's Appellate Court Rules Committee (Committee). *See* Fla. R. Jud. Admin. 2.140(e)(2). We have jurisdiction.[1]

The Florida Bar Board of Governors unanimously approved the proposals. The Committee published the proposals for comment before filing them with the Court, but no comments were received. The Court published the proposals for comments after they were filed and received one comment from the Florida Court Clerks and Comptrollers pertaining to the Committee's proposals to amend rule

_____

1. *See* art. V, § 2(a), Fla. Const.

9.200.  Additionally, upon order of the Court, the Committee filed a supplemental report addressing its proposed amendments to rule 9.200.  After reviewing the Committee's proposals and considering the comment filed, the Committee's response, and the supplemental report, we adopt the Committee's amendments as proposed.  We discuss the amendments below.

## AMENDMENTS

First, we amend rule 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders) to add a new subdivision (a)(3)(C)(x), which creates a new type of appealable nonfinal order for permanent guardianships for dependent children pursuant to section 39.6221, Florida Statutes.  According to the Committee's report, the Committee proposed amending rule 9.130 in light of this Court's opinion in *M.M. v. Florida Department of Children and Families*, 189 So. 3d 134 (Fla. 2016).  In that case, we considered the proper standard of review for post-dependency orders that anticipate future modification and held that "the legally required and the common sense approach to such post-dependency orders is review by certiorari."  189 So. 3d at 137.  We also emphasized that "[i]f the non-final order is not listed under rule 9.130, the review must come by certiorari."  *Id.* at 137-38.  In its report, the Committee explains that since this decision, appellate courts have treated orders establishing permanent guardianships for dependent children pursuant to section 39.6221, Florida Statutes, as nonfinal orders

reviewable only by certiorari. Thus, the Committee proposes amending rule 9.130 to include a new type of nonfinal appealable order for permanent guardianships established for dependent children pursuant to section 39.6221, Florida Statutes, that would otherwise not be appealable under this Court's holding in *M.M. v. Florida Department of Children and Families*. Accordingly, we now amend rule 9.130 to create a new subdivision (a)(3)(C)(x), which would permit appellate review of this type of nonfinal order.

Furthermore, we amend rule 9.200 (The Record) to address a concern raised by the Committee that heavily redacted records on appeal are increasingly common. The Committee explains in its report that often portions of the record are redacted unnecessarily and sometimes to the extent that the record is unreadable. To receive a less-redacted, usable version of the record, attorneys have been required to get orders directing the trial court clerks to transmit an unredacted version of the record. Thus, we now amend rule 9.200 to enable attorneys and parties to obtain unredacted records on appeal without having to obtain a court order from the district courts in every case.

Specifically, we first delete the second and third sentences in subdivision (d)(1)(C), which required that the PDF file of the record include all filings in their redacted form and that the unredacted version of any information in the record be provided to the appellate court upon request. We next amend rule 9.200 by adding

a new subdivision (d)(3) that contains all the requirements pertaining to the redacted record, and we renumber existing subdivisions (d)(3) and (d)(4) as (d)(4) and (d)(5), respectively. We move the existing requirement that the clerk of the lower tribunal certify the record from the existing subdivision (d)(3) to the new subdivision (d)(3). The new subdivision (d)(3) also requires that the clerk of the lower tribunal redact the PDF files of the record and transcript and transmit the redacted PDF files to the court. Further, the subdivision allows the unredacted version of the record on appeal to be requested, without filing formal notice, to the extent permitted for access by the requestor. As the Committee explains in its report, the "extent permitted" language is meant to ensure that the requirements of the Florida Courts Technology Commission's Access Security Matrix are still followed. Additionally, these amendments allow the unredacted record and transcript to be sent to the counsel of record or pro se party by "standing agreement with the clerk of the lower tribunal," permitting offices such as the appellate public defenders to obtain the unredacted records in all its cases without making individual requests.

Accordingly, the Florida Rules of Appellate Procedure are amended as reflected in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The amendments shall become effective on April 1, 2020, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Thomas D. Hall, Chair, and Courtney Rebecca Brewer, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Douglas D. Sunshine, Chief Legal Officer, Florida Court Clerks & Comptrollers, Tallahassee, Florida,

Responding with comments

**RULE 9.130.     PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS**

**(a)     Applicability.**

(1) – (2)     [No Change]

(3)     Appeals to the district courts of appeal of nonfinal orders are limited to those that:

(A) – (B)     [No Change]

(C)     determine:

(i) – (vii)     [No Change]

(viii)  the issue of forum non conveniens; or

(ix)     that, as a matter of law, a settlement agreement is unenforceable, is set aside, or never existed.; or

(x)     that a permanent guardianship shall be established for a dependent child pursuant to section 39.6221, Florida Statutes.

(D) – (F)     [No Change]

(4) – (5)     [No Change]

**(b) - (i)**     [No Change]

**Committee Notes**

[No Change]

**RULE 9.200.** **THE RECORD**

**(a) – (c)** [No Change]

**(d)** **Preparation and Transmission of Electronic Record.**

(1) The clerk of the lower tribunal shall prepare the record as follows:

(A) – (B) [No Change]

(C) The entire record, except for the transcript of the trial, shall be compiled into a single PDF file. ~~The PDF file shall include all filings in their redacted form. The unredacted version of any information in the record shall be provided to the appellate court upon request.~~ The PDF file shall be:

(i) – (iii) [No Change]

(2) [No Change]

(3) The clerk of the lower tribunal shall certify the record, redact the PDF files of the record and the transcript of the trial pursuant to Florida Rule of Judicial Administration 2.420(d), and transmit the redacted PDF files to the court by the method described in subdivision (d)(4) of this rule. By request or standing agreement with the clerk of the lower tribunal, counsel of record or a pro se party may obtain the record and the transcript of the trial that are unredacted to the extent permitted for access by the requestor. No formal motion shall be required. The clerk of the lower tribunal shall certify the less redacted record and transmit the PDF files to the court by the method described in subdivision (d)(4) of this rule or file a notice of inability to complete or transmit the record, specifying the reason.

(3<u>4</u>) The clerk of the lower tribunal shall ~~certify the record and~~ transmit the record and the transcript of the trial to the court by uploading the PDF files:

(A) – (B) [No Change]

(4<u>5</u>) The court shall upload the electronic record to the electronic filing (e-filing) system docket. Attorneys and those parties who are registered users of the court's e-filing system may download the electronic record in their case(s).

**(e) – (f)** [No Change]

## Committee Notes

[No Change]